[Civ. No. 19285. Third Dist. June 18, 1980.]

HAROLD B. STRAUCH et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
WESLEY J. WELKER, Real Party in Interest.

## COUNSEL

Hardy, Erich & Brown, Van Longyear and John Quincy Brown, Jr., for Petitioners.

No appearance for Respondent.

William H. Shade and Richard S. Simmons for Real Party in Interest.

OPINION

**BLEASE, J.**—Petitioners Harold B. Strauch, M.D., and Harold B. Strauch, M.D., a medical corporation, petition the court for a writ of mandate directing the superior court to enter an order granting petitioners' motion to strike the medical malpractice complaint filed by real party Wesley J. Welker and to deny Welker's motion for relief pursuant to Code of Civil Procedure section 473.

The sole issue we consider is whether Welker complied with Code of Civil Procedure section 411.30 which requires the filing of a certificate of merit incident to the maintenance of a medical malpractice action. We shall deny the writ upon the ground that intervening amendments to section 411.30 apply to validate the filing of a certificate of merit after the filing of a complaint for medical malpractice.

I

On August 22, 1979, Welker filed a complaint for medical malpractice against petitioner but did not *accompany it* with a certificate of merit or a certificate of inability to timely comply as then required by Code of Civil Procedure section 411.30. (Stats. 1978, ch. 1165, § 1.)

Petitioners moved to strike the complaint claiming that Welker's failure was jurisdictional. Welker sought and was granted relief from late filing for mistake of law pursuant to Code of Civil Procedure section 473 and filed the certificate contemplated by section 411.30. Petitioners' motion was denied.

II

Petitioners claim that the trial court abused its discretion when it refused to strike Welker's complaint and granted Welker's motion for relief from late filing. They seek extraordinary relief to enforce statutory provisions applicable at the time of the trial court's decision but since repealed.

At the time Welker filed his complaint for medical malpractice, Code of Civil Procedure section 411.30[1] provided that "no complaint [for

---

[1]Section 411.30 was enacted by Statutes 1978, chapter 1165, section 1, effective January 1, 1979. The section provided in pertinent part as follows: "(a) In any action for damages arising out of the professional negligence of a person holding a valid physi-

medical malpractice] shall be accepted for filing unless it is accompanied by" a certificate of merit or a certificate of inability to timely comply. Welker provided neither.

Subsequent to the trial court's action permitting Welker to file the certificate of merit, section 411.30 was amended, effective January 1, 1980, to repeal the provision and to require that the certificate of merit be filed on or before the date of service of the complaint on any defendant and to make the complaint subject to demurrer for failure to comply.[2]

The amended provisions presently operate to authorize the filing of a certificate of merit *after* the filing of a medical malpractice complaint and validate Welker's filings.

■ Statutes are presumed to operate prospectively. (Civ. Code, § 3.) "A statute is not made retroactive merely because it draws upon facts existing prior to its enactment. Thus changes in procedural law have been held applicable to existing causes of action. The effect of such

cian's and surgeon's certificate...no complaint shall be accepted for filing unless it is accompanied by the certificate specified in subdivision (b). [¶] (b) A certificate shall be executed by the attorney for the plaintiff declaring either: [¶] (1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one physician and surgeon or dentist who is licensed to practice and practices in this state or any other state or teaches at an accredited college or university and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is reasonable and meritorious cause for the filing of such action; or [¶] (2) That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificate required by paragraph (1) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this paragraph, the certificate required by paragraph (1) shall be filed within 60 days after filing the complaint. If a certificate is not filed within 60 days, the complaint shall be dismissed and the plaintiff and the plaintiff's attorneys shall not be subject to any of the sanctions provided by this section...."

[2]Section 411.30 now provides in pertinent part: "(a) In any action for damages arising out of the professional negligence of a person holding a valid physician's and surgeon's certificate...on or before the date of service of the complaint on any defendant, the plaintiff's attorney shall file the certificate specified in subdivision (b). [¶] (b) A certificate shall be executed by the attorney for the plaintiff declaring one of the following: [¶] (1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one physician and surgeon or dentist who is licensed to practice and practices in this state or any other state or teaches at an accredited college or university and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is reasonable and meritorious cause for the filing of such action. [¶] (2) That the attorney was unable to obtain the consultation required.... [¶] (h) The failure to file a certificate required by this section shall be grounds for a demurrer pursuant to Section 430.10." (Stats. 1979, ch. 988, § 1.)

statutes is actually prospective in nature since they relate to the procedure to be followed in the future." (*Olivas* v. *Weiner* (1954) 127 Cal. App.2d 597, 600-601 [274 P.2d 476].)

■ A statute is procedural when it neither creates a new cause of action nor deprives defendant of any defense on the merits. (*Owens* v. *Superior Court* (1959) 52 Cal.2d 822, 833 [345 P.2d 921, 78 A.L.R.2d 388].) An amendment of a procedural statute applies to cases pending at the time of its enactment, providing vested rights are not affected. (*San Bernardino County* v. *Indus. Acc. Com.* (1933) 217 Cal. 618, 630 [20 P.2d 673]; *Maguire* v. *Cunningham* (1923) 64 Cal.App. 536, 553 [222 P. 838]; *Lincoln* v. *Superior Court* (1934) 2 Cal.2d 127, 129-130 [39 P.2d 405]; *Dept. of Alcoholic Bev. Control* v. *Superior Court* (1968) 268 Cal.App.2d 67, 75-76 [73 Cal.Rptr. 780]; *Owens* v. *Superior Court, supra,* 52 Cal.2d at p. 833.)

The 1979 amendments to section 411.30 are procedural for they do not create a new cause of action or deprive a malpractice defendant of any defense on the merits or affect vested rights.

■ The manifest policy of section 411.30 is to require that a plaintiff provide some independent support of the merits of the action before the action is pursued. Welker has satisfied the policy. Although Welker did not file the certificate of merit in advance of service of the complaint, as is required by the 1979 amendments to section 411.30, the failure is demurrable only and curable, as here, by the filing of the certificate.

Because of the intervening effect of the amendments to section 411.30, we need not review petitioners' claims regarding Code of Civil Procedure section 473.

The petition for writ of mandate is denied and the alternative writ of mandate is discharged.

Regan, Acting P. J., and Sakuma, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.