[No. A056245. First Dist., Div. One. Dec. 14, 1992.]

EDWARD J. MURPHY et al., Plaintiffs and Appellants, v.
CITY OF ALAMEDA et al., Defendants and Respondents.

908

COUNSEL

David A. Self and Stuart A. McIntosh for Plaintiffs and Appellants.

Carol Korade, City Attorney, Dang & Trachuk and Douglas Y. Dang for Defendants and Respondents.

OPINION

STRANKMAN, P. J.—Evidence Code section 669.5 requires that in any action challenging the validity of certain growth control ordinances, the city or county enacting the ordinance must bear the burden of proof that the ordinance is "necessary for the protection of the public health, safety, or welfare" of its population.[1] The question in this appeal is whether section 669.5 is applicable in an action attacking a city charter amendment adopted by initiative and an ordinance implementing the amendment, both enacted before the effective date of the statute. We conclude that the statute applies, reverse the judgment, and remand for trial.

FACTUAL AND PROCEDURAL BACKGROUND

In March 1973 the voters of the City of Alameda (the City) amended its charter with a policy declaration that no multiple dwelling units should be built in the City, except for the replacement of certain existing low-cost

---

[1]Unless otherwise indicated, all further statutory references are to the Evidence Code.

housing units and a proposed senior citizens low-cost housing complex. (Alameda City Charter, art. XXVI, §§ 26-1, 26-2.) The City Council implemented the charter amendment, which was commonly known as Measure A, by adding to the Municipal Code chapter 4 of title 11 (the ordinance). The ordinance defines the prohibited multiple dwelling unit as a residential building to be used by three or more families or living groups, living independently of each other. (Alameda Mun. Code, tit. XI, ch. 4, § 11-421(b).)

In 1987 plaintiffs Edward J. Murphy, Madlyn K. Murphy, and Elisabeth Lillie filed an amended complaint for declaratory and injunctive relief against the City and others; their first two counts attacked Measure A and the ordinance as unconstitutional.

Plaintiffs moved for summary adjudication of issues, seeking a determination that section 669.5, which became effective in January 1981, applied to those counts. The trial court found no indication that the Legislature intended the statute to be retroactive and concluded it did not apply. Thereafter, the parties stipulated to entry of judgment in favor of defendants to permit an appeal by plaintiffs; the parties agreed that should the trial court's ruling on section 669.5 be reversed, a trial on the merits would be required. Judgment pursuant to the stipulation was entered in favor of defendants. The foregoing procedure to facilitate plaintiffs' appeal was patterned after that approved by the Supreme Court in *Building Industry Assn. v. City of Camarillo* (1986) 41 Cal.3d 810, 816-817 [226 Cal.Rptr. 81, 718 P.2d 68] (*Camarillo*).

## DISCUSSION

### A. *The Scope of Section 669.5*

■ Under the traditional rule, a party challenging the constitutionality of an ordinance has the burden to present evidence and documentation that the legislation is not reasonably related to the public welfare of those whom it significantly affects. (See, e.g., *Associated Home Builders etc., Inc. v. City of Livermore* (1976) 18 Cal.3d 582, 607-610 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038].) With the enactment of section 669.5 in 1980, the Legislature intended as a matter of public policy to shift the burden of proof in actions challenging the validity of certain growth control ordinances to the proponents of those ordinances, to counteract unjustified limitations on the supply of local housing sufficient to meet the local entity's share of regional housing needs. (*Camarillo, supra,* 41 Cal.3d at p. 818; see also Stats. 1980, ch. 1144, § 1, p. 3703.)

Section 669.5 provides in relevant part: "(a) Any ordinance . . . which (1) *directly limits, by number, the building permits that may be issued for residential construction or the buildable lots which may be developed* for residential purposes . . . is presumed to have an impact on the supply of residential units available in an area which includes territory outside the jurisdiction of the city . . . . [¶] (b) With respect to any action which challenges the validity of an ordinance specified in subdivision (a) the city . . . enacting the ordinance shall bear the burden of proof that the ordinance is necessary for the protection of the public health, safety, or welfare of the population of the city . . . ." (Italics added.)

■ Defendants insist that section 669.5 is inapplicable on its face to Measure A and the ordinance because they do not impose any numerical limits on permits or lots, but simply regulate the type of units which may be constructed. Little need be said about this argument. When the Legislature enacted section 669.5, it was concerned with local government ordinances which severely restrict the number of available housing units. (Stats. 1980, ch. 1144, § 1, p. 3703.) It is the practical effect of such ordinances, not their literal terms, which dictates whether the statute applies. (See *Camarillo, supra*, 41 Cal.3d at p. 816.) The City's growth restrictions prohibit construction of, and thus issuance of a building permit for, any housing other than single family detached houses and duplexes. In other words, the City has limited to zero the number of permits that may be issued for certain kinds of residential construction; thus the ordinance is unquestionably of a type which falls within the scope of the statute. Adopting defendants' narrow and literal reading of the statute would enable local governments to evade its impact simply by imposing absolute limits on all housing units except single family dwellings.

## B. *Prospective or Retroactive Application*

■ Underlying the trial court's ruling is its assumption that application of section 669.5 in this case would give the statute retroactive effect. Plaintiffs disagree, arguing that the statute concerns rules of evidence at future trials and is therefore prospective.

■ Courts have consistently recognized the principle that a new statute addressing the conduct of trials may actually be prospective in nature when applied to a trial occurring after its effective date, even though the trial deals with facts existing prior to that date. (*Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 288-291 [279 Cal.Rptr. 592, 807 P.2d 434]; *Hogan* v. *Ingold* (1952) 38 Cal.2d 802, 812 [243 P.2d 1, 32 A.L.R.2d 834]; *Estate of Patterson* (1909) 155 Cal. 626, 638 [102 P.2d 941]; *Republic Corp.* v.

*Superior Court* (1984) 160 Cal.App.3d 1253, 1257 [207 Cal.Rptr. 241]; *Strauch* v. *Superior Court* (1980) 107 Cal.App.3d 45, 48-49 [165 Cal.Rptr. 552].) The operation of such a statute is prospective because it does not deprive a person of any right which he or she had at the time of the commencement of the suit, but instead only prescribes the conditions upon which the suit may be brought and maintained. (*Hogan* v. *Ingold, supra,* at p. 812.)

This principle does not include statutes which do not simply address the conduct of trials, but which change the legal consequences of the parties' past conduct, as by imposing new and different liabilities based on that conduct. Although courts at times use the terms "substantive" and "procedural" to determine whether a statute alters the legal consequences of past events, what is important is the law's effect, not its label or form. (*Tapia* v. *Superior Court, supra,* 53 Cal.3d at pp. 288-291.) A statute which takes a seemingly procedural form and uses evidentiary language concerning burdens of proof may in effect alter or destroy a preexisting substantive right by imposing an evidentiary requirement with which it is impossible to comply. (See, e.g., *In re Marriage of Buol* (1985) 39 Cal.3d 751, 756-760 [218 Cal.Rptr. 31, 705 P.2d 354]; see also *Morris* v. *Pacific Electric Ry. Co.* (1935) 2 Cal.2d 764, 768 [43 P.2d 276] [Legislature may not under pretense of regulating procedure or rules of evidence deprive party of substantive right].)

■ Defendants argue that application of section 669.5 to this action would change the legal consequences of past events because the City would have to prove that regional housing needs were balanced against the City's need for Measure A and the ordinance when they were enacted in 1973. Meeting that burden would be impossible, defendants claim, because at that time cities were not obliged to consider regional housing needs in their local planning. (See generally, Gov. Code, § 65580 et seq.)

The most obvious flaw in defendants' argument is its premise that application of section 669.5 would require proof of circumstances in 1973. The statute directs that in any action challenging the validity of a growth control ordinance, the city or county shall bear the burden of proof that the ordinance "is" necessary, not that it was necessary at the time it was enacted. As applied in that manner, the statute does not invalidate previously enacted ordinances; instead, it simply subjects such ordinances to a presumption of impact on the housing supply and places on the local entity a new burden of proof. (See *Camarillo, supra,* 41 Cal.3d at p. 822; *Building Industry Assn.* v. *Superior Court* (1989) 211 Cal.App.3d 277, 292 [259 Cal.Rptr. 325], disapproved on other grounds in *Lesher Communications, Inc.* v. *City of Walnut*

Creek (1990) 52 Cal.3d 531, 545-546 [277 Cal.Rptr. 1, 802 P.2d 317].) The presumption is not irrebuttable, and the evidentiary requirement is not impossible to satisfy; as the *Camarillo* court noted, a city is obligated by state law to develop a housing element as part of a general plan; that process develops substantial data concerning housing within the city and the general area, which are available to a city to meet its burden of proof. (See *Camarillo, supra,* at p. 822.)

Because section 669.5 addresses the conduct of trials and does not change the legal consequences of the parties' past conduct, its operation is prospective; therefore, the trial court erred in concluding it was inapplicable in this action.

## C. *Legislative Intent*

 Plaintiffs argue in the alternative that even if application of section 669.5 in this action is retroactive in effect, the Legislature intended the statute to apply retroactively. We agree.

 A statute is presumed to operate prospectively absent an express legislative declaration of retroactivity or some other clear indication that retroactive application was intended. (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1206-1208 [246 Cal.Rptr. 629, 753 P.2d 585]; *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393 [182 P.2d 159].) The absence of an explicit retroactivity provision is not controlling, as legislative intent may be suggested or implied by other wording in the statute. (See *Russell* v. *Superior Court* (1986) 185 Cal.App.3d 810, 818 [230 Cal.Rptr. 102].)

 Although the initial clause of section 669.5, subdivision (b), does state that a city or county shall bear the burden of proof in "any action" challenging the validity of specified ordinances, that broad general language, standing alone, would not be sufficient to establish legislative intent for retroactivity. (*Evangelatos* v. *Superior Court, supra,* 44 Cal.3d at p. 1209, fn. 13.) But subdivision (d) of section 669.5 provides additional insight into the lawmakers' intent. That section states that "[t]his section shall not apply to a voter approved ordinance adopted by referendum or initiative prior to the effective date of this section which (1) requires the city, county, or city and county to establish a population growth limit which represents its fair share of each year's statewide population growth, or (2) which sets a growth rate of no more than the average population growth rate experienced by the state as a whole. . . ."

The purpose of subdivision (d) of section 669.5 was considered first in *Lee* v. *City of Monterey Park* (1985) 173 Cal.App.3d 798 [219 Cal.Rptr. 309]

*and then in Camarillo, supra,* 41 Cal.3d 810. In *Lee,* the court relied on legislative history to reject an argument that section 669.5 did not apply to growth control ordinances adopted through the initiative process. The court noted that the Legislature had at one time intended to eliminate all initiative measures from the scope of the statute, but eventually decided that only specific types of initiatives should be excluded and added subdivision (d). (*Lee, supra,* at pp. 806-807.) The following year, the Supreme Court considered the same question with the same result; focusing on the statutory language, it reasoned in part that a conclusion that section 669.5 does not apply to initiative measures would render subdivision (d) meaningless. (*Camarillo, supra,* at pp. 817-821.)

A similar statutory analysis is appropriate here. By expressly declaring that the section should not apply only to *certain* ordinances adopted by initiative or referendum adopted prior to its effective date, the Legislature impliedly indicated that it should apply to *all* other ordinances, whether adopted by legislative bodies or by the voters, including all ordinances adopted by initiative prior to its effective date but not specifically exempted. Any other conclusion would render subsections (1) and (2) of section 669.5, subdivision (d) superfluous and meaningless.[2]

We have not overlooked the statements in *Camarillo, supra,* 41 Cal.3d 810, which the trial court in this case misconstrued as a holding that the statute applies only to initiative measures adopted after its effective date. (See *id.,* at pp. 815, 820.) ▮ It is fundamental that cases are not authority for propositions not considered and decided. The precise issue in *Camarillo* was whether the statute was intended to apply to initiatives at all; the Court of Appeal had decided it was not. (*Id.,* at pp. 816-817.) As the initiative in dispute was enacted after the effective date of the statute, the question of the statute's retroactivity was not before the *Camarillo* court, was not discussed, and was not decided, notwithstanding the misleading sweep of that court's language.

D. *Applicability of Section 669.5 to Ordinances Enacted to Implement Charter Provisions*

▮ Defendants' final argument also merits little discussion. They argue that because the statute by its express terms refers only to "ordinances," it is inapplicable to the City's charter amendment; defendants then claim that the statute is necessarily inapplicable to its ordinance as well, because it was

---

[2] Our conclusion is based on the language of the statute. Therefore, we need not act on defendants' motion to strike a legislator's recently prepared declaration, which was submitted with plaintiffs' reply brief.

enacted only to implement the charter amendment. Defendants cite no authority in support of this proposition, and nothing in the language of the statute or its legislative history suggests that the Legislature intended to exempt ordinances enacted by charter cities from the application of section 669.5.

## DISPOSITION

The judgment is reversed, and the matter remanded for a trial on the merits.

Newsom, J., and Dossee, J., concurred.

Respondents' petition for review by the Supreme Court was denied March 11, 1993.