TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-409 |
| of | : | |
| | : | August 5, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE CHARLES M. CALDERON, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

May an individual who is not a member of the State Bar of California represent a party, including the preparation of pleadings and the making of appearances, with respect to a formal proceeding before the California Public Utilities Commission?

CONCLUSION

An individual who is not a member of the State Bar of California may represent a party, including the preparation of pleadings and the making of appearances, with respect to a formal proceeding before the California Public Utilities Commission.

ANALYSIS

The California Public Utilities Commission ("PUC") is a regulatory agency established by the Constitution to fix rates, establish rules, examine records, issue subpoenas, administer oaths, take testimony, punish for contempt, and prescribe a uniform system of accounts for all public utilities subject to its jurisdiction. (Cal. Const., art. XII, § 6; *Southern Cal. Gas Co.* v. *Public Utilities Com.* (1979) 24 Cal.3d 653, 656.) We are asked whether an individual who is not licensed to practice law may represent a party, including the preparation of pleadings and the making of appearances, with respect to a formal proceeding before the PUC. We conclude that a nonattorney may do so.

Section 1701, subdivision (a), of the Public Utilities Code **Footnote No. 1** provides as follows:

"All hearings, investigations, and proceedings shall be governed by this part and by rules of practice and procedure adopted by the commission, and in the conduct thereof the technical rules of evidence need not be applied. No informality in any hearing, investigation, or proceeding or in the manner of taking testimony shall invalidate any order, decision or rule made, approved, or confirmed by the commission."

Section 1706 provides in part:

"A complete record of all proceedings and testimony before the commission or any commissioner on any formal hearing shall be taken down by a reporter appointed by the commission, *and the parties shall be entitled to be heard in person or by attorney*. . . . The provisions of this section shall not apply to hearings held pursuant to Section 1702.1." (Italics added.) **Footnote No. 2**

Does the language of section 1706 mean that a party may be heard in a formal hearing *only* in person or by attorney? While section 1706 literally neither entitles nor prohibits representation by an individual not licensed to practice law, it may be argued that an expansive interpretation allowing representation by an unlicensed person would violate the interpretive rule that the specification of particulars implies the exclusion of others. (*Williams* v. *Los Angeles Met. Transit Auth.* (1968) 68 Cal.2d 599, 603-604; 69 Ops.Cal.Atty.Gen. 191, 193 (1986).) **Footnote No. 3** Further, by way of comparative analysis, where the Legislature has intended to authorize a party to be heard by an attorney or by a representative not licensed to practice law, it has done so expressly. Thus, in an application to the Workers' Compensation Appeals Board for compensation benefits, "[e]ither party may be present at any hearing, in person, by attorney, or by any other agent . . . ." (Lab. Code, § 5700; see 66 Ops.Cal.Atty.Gen. 287, 291 (1983).)

For a variety of reasons we reject the argument that nonattorneys are not eligible to represent parties in a PUC hearing. First, the Legislature, pursuant to its "plenary power . . . to confer additional authority and jurisdiction upon the commission . . ." (Cal. Const., art. XII, § 5), has conferred on the PUC authority to "do all things, whether specifically designated in [the Public Utilities Act] *or in addition thereto*, which are necessary and convenient" in the supervision and regulation of every public utility in California. (§ 701, italics added.) Further, the PUC's powers have been liberally construed. (*Consumers Lobby Against Monopolies* v. *Pub. Util. Com.* (1979) 25 Cal.3d 891, 905.) Such considerations suggest that any legislative intent to restrict the powers of the PUC would be expressly stated and not left to mere implication. Accordingly, while the PUC is constitutionally authorized "[s]ubject to statute and due process . . . [to] establish its own procedures . . ." (Cal. Const., art. XII, § 2), we perceive nothing in section 1706 that would negate the PUC's power to authorize representation at a formal proceeding by a nonattorney.

In *Consumers Lobby Against Monopolies* v. *Pub. Util. Com.*, *supra*, 25 Cal.3d 831, the question presented was whether the PUC was authorized to award fees and costs to a nonattorney appearing in a representative capacity in a reparations proceeding. The court determined that the PUC may, in its discretion, award attorney fees in a quasi-judicial proceeding and that such an award would extend to a nonattorney:

"Nonattorneys are generally not permitted to participate in judicial proceedings; rather, with a few limited exceptions, a person must be licensed as an attorney before he can appear in court. In Public Utility Commission proceedings, by contrast, the participants are not required to be licensed attorneys, and it is common for such persons to make appearances on behalf of others. The commission's own rules explicitly acknowledge this practice. [Citation.] Moreover, even a brief perusal of the California Public Utilities Commission Reports demonstrates that appearances by nonattorneys comprise a substantial and important part of the practice before that body. We must infer that the commission believes such persons are competent to participate in its proceedings in a representative capacity." (*Id*., at pp. 913-914.)

We do not agree with the suggestion that the foregoing judicial language "lacks precedential significance" because it is mere dictum or not a considered holding on the issue of a nonattorney's authority to represent a party in a formal PUC proceeding. It is true that dictum, consisting of general observations of law which go beyond the facts and issues of a case (*People ex rel. Dept. of Transportation* v. *Yuki* (1995) 31 Cal.App.4th 1754, 1773), is not authoritative (*Grange Debris Box & Wrecking Co.* v. *Superior Court* (1993) 16 Cal.App.4th 1349, 1358), and that cases are not authority for propositions not considered and decided (*Gomes* v. *County of Mendocino* (1995) 37 Cal.App.4th 977, 985; *Murphy* v. *City of Alameda* (1992) 11 Cal.App.4th 906, 914). Here, however, the discussion in question was not extraneous to the essential issues of the case, and it constituted a point actually decided by the court. The authority of the PUC to award fees to a representative must clearly be founded in the first instance upon the authority of the representative to perform that service. Accordingly, we deem the court's discourse to be relevant, considered, and decided.

Moreover, legislation enacted after the *Consumers Lobby* case, providing for the award of fees for representatives of parties in PUC formal proceedings (§§ 1801, 1802, 1803), uses the term "advocate's fees" in lieu of "attorney's fees," clearly indicating that the Legislature was cognizant of and approved the participation of nonattorneys in such proceedings. As indicated in *Consumers Lobby Against Monopolies* v. *Pub. Util. Com.*, *supra*, 25 Cal.3d at 914, the Legislature was surely aware that "appearances by nonattorneys comprise a substantial and important part of the practice before [the PUC]."

Finally, we recognize that an appearance for and preparation of pleadings on behalf of another is an inherent aspect of the practice of law. (*Bluestein* v. *State Bar* (1974) 13 Cal.3d 162, 173; *Baron* v. *City of Los Angeles* (1970) 2 Cal.3d 535, 542; *People* v. *Landlords Professional Services* (1989) 215 Cal.App.3d 1599, 1604-1605.) Such activity constitutes the practice of law even if conducted before an administrative board or commission. (*Baron* v. *City of Los Angeles*, *supra*, 2 Cal.3d at 543.) Notwithstanding the absence of any specific judicial decision respecting the practice of law by nonattorneys before administrative tribunals where such practice is authorized by statute (compare *West Virginia State Bar* v. *Earley* (1959) 109 S.E.2d 420, 432-434 [prohibited]; *The Florida Bar* v. *Moses* (1980) 380 So.2d 412, 417 [permitted]), the fact is that such practice has been long recognized by the courts of this state. (*Welfare Rights Org.* v. *Crisan* (1993) 33 Cal.3d 766, 770 [welfare hearings]; *Consumers Lobby Against Monopolies* v. *Pub. Util. Com.*, *supra*, 25 Cal.3d at 913-914 [PUC hearings]; *Staley* v. *California Unemp. Ins. App. Bd.* (1970) 6 Cal.App.3d 675, 678 [unemployment insurance appeals]; *Bland* v. *Reed* (1968) 261 Cal.App.2d 445, 449 [workers' compensation appeals].)

It is concluded that an individual who is not a member of the State Bar of California may represent a party, including the preparation of pleadings and the making of appearances, with respect to a formal proceeding before the PUC.

\* \* \* \* \*

---

**Footnote No. 1**
Undesignated statutory references herein are to the Public Utilities Code. **Return to text**
**Footnote No. 2**
Section 1702.1 provides for an expedited complaint procedure involving small sums of money where attorneys are not allowed to represent the parties. **Return to text**
**Footnote No. 3**
In *Rowland* v. *California Men's Colony* (1993) 506 U.S. 194, 202, the United States Supreme Court interpreted a federal law specifying that "parties may plead and conduct their own cases personally or by counsel" to preclude representation other than by a licensed attorney. **Return to text**

---

**Return to August's Monthy Report**
**Return to the Opinion Unit's Home Page**
**Return to the Attorney General's Home Page**