[No. A089052. First Dist., Div. Three. Sept. 18, 2001.]

CAROL L. PRICE, Plaintiff and Appellant, v.
DAMES & MOORE et al., Defendants and Respondents.

## COUNSEL

Ropers, Majeski, Kohn & Bentley, Susan H. Handelman and Terry Anastassiou for Plaintiff and Appellant.

Severson & Werson and Jan T. Chilton for Defendant and Respondent Montgomery Watson Americas, Inc.

Steinhart & Falconer, Jeffrey M. Hamerling and Rachel E. Boehn for Defendant and Respondent Dames & Moore.

## OPINION

**PARRILLI, J.**—Before serving a professional negligence complaint against a licensed engineer, the plaintiff's attorney must file a certificate of merit declaring that "there is reasonable and meritorious cause" for filing the action. The declaration must be based on the attorney's consultation with a licensed engineer who is not a party, whom the attorney "reasonably believes is knowledgeable in the relevant issues," and who renders an opinion on the defendant's negligence. (Code Civ. Proc., § 411.35, subds. (a) & (b).[1]) Failure to file a certificate is a ground for demurrer. (§ 411.35, subd. (g).) In this case, we hold that the established rules governing demurrers require the trial court to grant the plaintiff leave to file an amended complaint and a proper certificate under section 411.35, if there is a reasonable possibility of curing a defect in meeting the certificate requirement.

Carol L. Price appeals from a judgment dismissing her complaint against respondents Dames & Moore and Montgomery Watson Americas, Inc. (formerly known as James M. Montgomery Consulting Engineers, Inc.; hereafter Montgomery). The judgment was entered after the trial court sustained respondents' demurrers without leave to amend on the ground that Price had failed to timely file a certificate of merit as required by section 411.35. We reverse. The record shows that Price did file a timely certificate. While the certificate was defective because it was not signed by her attorney, it is reasonably possible that Price will be able to cure that defect.

### BACKGROUND

Price alleged that in 1988 she retained Montgomery to consult with her regarding suspected environmental contamination of two parcels of commercial real property leased by Price to Ferro Corporation (Ferro). In 1992, Price

---

[1]Further statutory references are to the Code of Civil Procedure.

retained Dames & Moore for additional consultation on the contamination of her properties. Price filed an action against Ferro that went to trial in February 1997. However, her environmental remediation cost recovery claims were dismissed during trial because of her failure to prove by admissible expert testimony that Ferro was responsible for the contamination. Although the jury found that Ferro had breached its lease with Price, no damages were awarded in the final judgment entered in May 1997.

On March 13, 1998, Price filed a complaint against Montgomery and Dames & Moore, among others, alleging that her failure to recover damages from Ferro was caused in part by their professional negligence. This complaint was signed by Price as "Plaintiff in Propria Persona." In March 1999, Montgomery and Dames & Moore demurred to the complaint. One of the grounds for the demurrers was Price's failure to comply with the certificate requirement of section 411.35. On March 15, Price filed a certificate of merit, declaring that before filing her complaint she had consulted with nonparty engineers whose investigations confirmed the merits of her action. Price signed the certificate as "Plaintiff in Propria Persona." On March 16, Price filed an amended certificate of merit. This certificate, also signed by Price in propria persona, included a statement that the consulting engineers had given her their opinion that respondents had been negligent in the performance of their professional services.

On March 24, 1999, Price filed a response to respondents' demurrers. The response was signed by Attorney Kurt Bridgman, "appearing Specially for Plaintiff In Pro Per Carol Price." The proof of service for the document was executed by Bridgman. The response consisted of a notice that Price had filed an amended complaint. This complaint, filed on March 25, was also signed and served by Bridgman, "Specially appearing for Plaintiff Carol Price In Pro Per."

In April 1999, respondents filed demurrers to the first amended complaint, again claiming that Price had failed to comply with section 411.35. Montgomery argued that the amended certificate filed on March 16 did not comply with section 411.35 because it was not signed by Bridgman. Dames & Moore argued that the certificate was (1) untimely because it was not filed before Price served her original complaint; and (2) improper because it was not signed by Bridgman.

On May 12, 1999, Price filed a response to the latest demurrers, which she herself signed as "Plaintiff in Propria Persona." She asked the court to take judicial notice of her certificates of merit filed on March 15 and 16, and argued that the defect in her original complaint had been cured when she

filed those certificates. She also claimed she had severed her relationship with Bridgman and "should not be held responsible for the misconduct of her attorneys."

At the hearing on the demurrers, Price appeared on her own behalf. The court sustained the demurrers without leave to amend, stating in its order: "After considering all the arguments, . . . the Court finds that Plaintiff failed to timely file a certificate of merit as required under Code of Civil Procedure section 411.35 with regard to Defendants Dames & Moore and [Montgomery]. This defect is fatal to Plaintiff's claim . . . ." Judgment was entered in favor of Montgomery and Dames & Moore.

## DISCUSSION

" 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] . . . When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]; accord, *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 38-39 [77 Cal.Rptr.2d 709, 960 P.2d 513].) "[A] demurrer looks *only* to the face of the pleadings and to matters judicially noticeable and not to the evidence or other extrinsic matter." (*Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 239, fn. 2 [244 Cal.Rptr. 764], italics in original; see also 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 900, pp. 358-360.)

Here, the trial court's error is plain. The court sustained the demurrers based on Price's failure to file a timely certificate of merit. However, the complaint before the court was Price's first amended complaint, filed and served on March 25, 1999. Price had filed a certificate of merit on March 15, 1999 and an amended certificate the next day. Since a certificate was on file before the first amended complaint was served, Price cannot be faulted for untimeliness.

Respondents argue that the only cure for Price's failure to file a certificate before serving her original complaint was dismissal of the action without prejudice, followed by service of a new complaint after a properly filed

certificate of merit. Nothing in the terms of section 411.35 suggests such a procedure. The statute does not provide that failure to file a certificate requires dismissal. It declares that failure to file a certificate is a ground for demurrer or motion to strike, both procedures in which leave to amend is routinely and liberally granted to give the plaintiff a chance to cure the defect in question. (See § 581, subd. (f)(2) & (4); *Grieves v. Superior Court* (1984) 157 Cal.App.3d 159, 168 [203 Cal.Rptr. 556]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2001) ¶ 7:203, p. 7-66.)

In *Strauch v. Superior Court* (1980) 107 Cal.App.3d 45, 49 [165 Cal.Rptr. 552], the court held that failure to comply with a parallel requirement for a certificate of merit formerly imposed in medical malpractice actions was "demurrable only and curable . . . by the filing of the certificate." We do not agree that merely filing a belated certificate cures the defect, because the statute requires the certificate to be filed before the complaint is served. (§ 411.35, subd. (a); see also former § 411.30, subd. (a); *Strauch v. Superior Court, supra,* 107 Cal.App.3d at p. 48, fn. 2.) However, by granting leave to file an amended complaint the court can give the plaintiff an opportunity to fully comply with the statutory requirements for filing a certificate of merit.

Respondents correctly point out that Price's certificate was defective on another ground—it was not signed by Bridgman, her attorney, as required by section 411.35, subdivision (b). Price responds that Bridgman never filed a substitution as her attorney of record. Therefore, Price claims, it was proper for her to sign the certificate as a plaintiff in propria persona. We disagree. Though he purported to "appear specially" for Price, Bridgman's signature on the complaint established him as Price's attorney and was sufficient to bring him within the scope of section 411.35, subdivision (b), which requires the certificate of merit to "be executed by the attorney for the plaintiff." (See *Streit v. Covington & Crowe* (2000) 82 Cal.App.4th 441, 444-446 [98 Cal.Rptr.2d 193] ["special appearance" by attorney amounts to association of counsel and gives rise to attorney-client relationship]; § 128.7, subd. (a) [every pleading must be signed by attorney or by party if party is not represented by counsel].) Nevertheless, it is reasonably possible that Price will be able to cure this defect.

In her March 16 amended certificate of merit, Price declared under penalty of perjury that she had consulted with licensed engineers in the same discipline as respondents, who had given her their opinion that respondents were negligent. Just as the court must accept the facts pleaded in the complaint when ruling on a demurrer, facts stated in a certificate of merit

must be accepted as true when a demurrer is based on a defect in the certificate. Whether Price succeeds in finding other counsel, or will be representing herself as she did at the demurrer hearing, her March 16 declaration that she had already obtained the opinion required for a certificate of merit is a sufficient showing of her ability to file a proper certificate before serving a second amended complaint.

Accordingly, the court abused its discretion by not allowing Price leave to amend. Permitting leave to amend will not frustrate the statutory purpose of preventing frivolous professional negligence claims. Indeed, it will serve that purpose by ensuring the filing of a proper certificate of merit and the availability of substantial sanctions to respondents if they prevail in the action and thereafter succeed in showing that Price actually failed to comply with the requirements for a certificate of merit. (§ 411.35, subd. (h) [party, party's attorney, or both may be required to pay any reasonable expenses, including attorney fees, incurred by prevailing opponent if certification requirements were not met]; *Guinn v. Dotson* (1994) 23 Cal.App.4th 262, 270-271 [28 Cal.Rptr.2d 409] [Legislature intended sanctions to frivolous claims and strengthen compliance with certification requirement].) Alternatively, if it turns out that Price or her counsel is unable to file a proper certificate of merit, no second amended complaint will be served and respondents will have been protected as contemplated by the Legislature.

Montgomery advances another justification for sustaining its demurrer. It argues, as it did below, that the statute of limitations bars Price's claim against it because Price suffered appreciable harm in 1992 when she hired Dames & Moore to take over the consulting functions previously performed by Montgomery. However, the facts stated in the complaint do not show that Price sustained any actionable damages in 1992. There is no indication that Dames & Moore was retained in an attempt to undo any actual harm caused by Montgomery. There is an allegation that Price hired a new law firm in part to "evaluate the adequacy of the previous environmental investigation" by Montgomery. ▪ But a client may replace a consultant due to unhappiness with the consultant's work, and investigate the adequacy of that work, without starting the statute of limitations on a potential malpractice claim.

"[B]oth discovery and appreciable harm are required to commence the statute of limitations in a professional malpractice action." (*International Engine Parts, Inc. v. Feddersen* (1995) 9 Cal.4th 606, 614 [38 Cal.Rptr.2d 150, 888 P.2d 1279], restating the holding of *Budd v. Nixen* (1971) 6 Cal.3d 195, 203 [98 Cal.Rptr. 849, 491 P.2d 433]; see also *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 763-764 [76

Cal.Rptr.2d 749, 958 P.2d 1062].) The facts that in 1992 Price hired other engineers and asked her new counsel to evaluate Montgomery's performance establish no more than "speculative harm, or the threat of future harm—not yet realized." (*Budd v. Nixen, supra*, 6 Cal.3d at p. 200.) That is not enough to trigger the statute of limitations.

## DISPOSITION

The judgment is reversed. Price shall recover her costs on appeal.

McGuiness, P. J., and Walker, J., concurred.