[No. A102961. First Dist., Div. Five. June 23, 2004.]

MICHAEL DiPIRRO, Plaintiff and Appellant, v.
AMERICAN ISUZU MOTORS INC., et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, part II. of this opinion is not certified for publication.

968

## COUNSEL

Sheffer & Chanler and Clifford A. Chanler for Plaintiff and Appellant.

Nossaman, Guthner, Knox & Elliott, Carol Rene Brophy and Deborah E. Beck for Defendants and Respondents.

## OPINION

**SIMONS, J.**—If a private plaintiff in a Proposition 65[1] lawsuit fails to provide a required certificate of merit 60 days before filing the complaint, may that failure be cured by providing the certificate after litigation has begun? In the published portion of this opinion, we conclude that providing the certificate postlitigation is not a cure because it impairs one method of achieving the statutory goal of reducing frivolous lawsuits.

Appellant Michael DiPirro appeals from an order of dismissal in favor of respondents American Isuzu Motors Inc., Hyundai Motor America, Kia Motors America, Inc., Mazda North American Operations, and Mitsubishi Motor Sales of America, Inc., pursuant to those respondents' successful motion for judgment on the pleadings. Appellant contends the trial court erred in ruling that his failure to comply with the prelitigation certificate of merit requirement under section 25249.7, subdivision (d) mandated dismissal of his Proposition 65-based causes of action. We affirm.

### BACKGROUND

 Proposition 65 prohibits any person, in the course of doing business, from knowingly and intentionally exposing any individual to a chemical known to the state to cause cancer or reproductive toxicity without giving a

---

[1] The Safe Drinking Water and Toxic Enforcement Act of 1986. (Health & .Saf. Code, § 25249.5 et seq.)
All undesignated section references are to the Health & Safety Code.

specified warning, or from discharging or releasing such a chemical into any source of drinking water, except as specified. (§ 25249.5 et seq.)

■ Proposition 65 actions may be filed by public prosecutors or by private persons in the public interest (hereafter private enforcers). Since its adoption, Proposition 65 has required a private enforcer to provide a 60-day notice of the violation that is the subject of the action prior to commencing the action. This notice must be served on public prosecutors and the violator. (§ 25249.7, subd. (d).) In 2001, the Legislature amended this notice provision to require that, in cases claiming a failure to warn, the notice include a "certificate of merit" stating that the private enforcer or his or her attorney consulted with one or more experts who "reviewed facts, studies, or other data" regarding the chemical exposure at issue, and believe "there is a reasonable and meritorious case for the private action." (Stats. 2001, ch. 578, § 1; see Sen. Rules Com., Off. of Sen. Floor Analysis, 3d reading analyses of Sen. Bill No. 471 (2001–2002 Reg. Sess.) as amended Sept. 13, 2001, coms., pp. 2–3.) The amendment (hereafter Senate Bill No. 471) also requires that factual information sufficient to establish the basis of the certificate of merit be attached to the copy of the certificate served on the Attorney General.[2] Senate Bill No. 471 was prompted by a concern that private enforcers were abusing Proposition 65 by filing meritless lawsuits alleging that businesses had failed to provide adequate warnings about chemical discharges. Senate Bill No. 471 was designed to discourage such lawsuits. (See Sen. Rules Com., *supra*, coms., p. 2.) The legislation was approved by the Governor in October 2001, and became effective January 1, 2002. (Stats. 2001, ch. 578, § 1.)

---

[2] As amended by Senate Bill No. 471, section 25249.7, subdivision (d) provides:

"(d) Actions pursuant to this section may be brought by any person in the public interest if both of the following requirements are met:

"(1) The private action is commenced more than 60 days from the date *that* the person has given notice of an alleged violation of Section 25249.5 or 25249.6 that is the subject of the private action to the Attorney General and the district attorney, city attorney, or prosecutor in whose jurisdiction the violation is alleged to have occurred, and to the alleged violator. *If the notice alleges a violation of Section 25249.6, the notice of the alleged violation shall include a certificate of merit executed by the attorney for the noticing party, or by the noticing party, if the noticing party is not represented by an attorney. The certificate of merit shall state that the person executing the certificate has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that, based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action. Factual information sufficient to establish the basis of the certificate of merit, including the information identified in paragraph (2) of subdivision (h), shall be attached to the certificate of merit that is served on the Attorney General.*

"(2) Neither the Attorney General, any district attorney, any city attorney, *nor any* prosecutor has commenced and is diligently prosecuting an action against the violation." (Stats. 2001, ch. 578, § 1, italics added to reflect the provisions added by Sen. Bill No. 471.)

In December 2001, *between* the Governor's approval of Senate Bill No. 471 and the amendment's effective date, appellant filed 60-day notices with five automobile companies that sell touch-up paint.[3] No certificates of merit were included. These notices recited that this product exposed people to toluene without proper warnings concerning the toxic effects of such exposure. These December 2001 notices were also served on the appropriate public enforcement agencies. On April 24, 2002, *almost* four months *after* the effective date of the certificate of merit requirement, appellant filed the current Proposition 65 enforcement action. On May 17, 2002, appellant filed a first amended complaint, alleging causes of action for violation of Proposition 65 itself (Health & Saf. Code, § 25249.6 et seq.) (first cause of action), for Proposition-65-based unlawful business practices under Business and Professions Code section 17200 (second cause of action), and for false advertising under Business and Professions Code section 17500 (third cause of action). On August 2, 2002, appellant served respondents with new 60-day notices that included a certificate of merit, thereby attempting to cure any defect in the earlier notices.

■ On September 4, 2002, respondents served on appellant a motion for judgment on the pleadings, and on October 24, 2002, the trial court issued its initial order granting the motion as to the cause of action for violation of Proposition 65 itself, and the cause of action for unlawful business practices. The court held that the certificate of merit requirement applied to this case because the complaint was filed after Senate Bill No. 471's effective date. It rejected appellant's contention that his 60-day notices, served in December 2001, were valid when issued and could not be retroactively nullified by the subsequent procedural change to section 25249.7, subdivision (d). In the unpublished portion of this opinion, we affirm this ruling. In the published portion of this opinion, we affirm the trial court's conclusion that a private enforcer may not cure the failure to timely provide a certificate of merit by serving it months after the litigation commenced.[4]

---

[3] On the court's own motion (Evid. Code, §§ 452, subd. (h), 459; see also *Adoption of Michelle T.* (1975) 44 Cal.App.3d 699, 706 [117 Cal.Rptr. 856]), we take judicial notice of the following information: During the relatively brief period between the Governor's approval (Oct. 5, 2001) of Senate Bill No. 471 and its effective date (Jan. 1, 2002), *3,696* 60-day notices were filed by private enforcers. This is approximately the same number (*3,964*) of such notices filed by private enforcers in the more than 13 years preceding the Governor's approval of Senate Bill No. 471. (Cal. Off. of Atty. Gen., Programs & Services, 60-Day Notice Search, at <http://prop65.doj.ca.gov/publicsearch.taf> [as of June 23, 2004].)

[4] Subsequent pleading skirmishes eliminated the remaining claims against respondents on grounds unrelated to the dispute over the certificates of merit.

DISCUSSION

## I. Standard of Review

We begin with the applicable standard of review. "Because a motion for judgment on the pleadings is similar to a general demurrer, the standard of review is the same. [Citation.] We treat the pleadings as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Baughman v. State of California* (1995) 38 Cal.App.4th 182, 187, 45 Cal.Rptr.2d 82.) "Matters which may be judicially noticed may also be considered. [Citation.]" (*Michaelian v. State Comp. Ins. Fund* (1996) 50 Cal.App.4th 1093, 1104, 58 Cal.Rptr.2d 133.) "We review the complaint de novo to determine whether [it] alleges facts sufficient to state a cause of action under any legal theory. [Citation.]" (*Begier v. Strom* (1996) 46 Cal.App.4th 877, 881 [54 Cal.Rptr.2d 158].)

■ Where, as here, leave to amend was not granted, we determine whether the defect can reasonably be cured by amendment. The judgment is to be affirmed if it is proper on any lawful grounds raised in the motion, even if the trial court did not rely on those grounds. We review the court's denial of leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

## II. Certificate of Merit Requirement Was Not Applied Retrospectively*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. "Curing" Failure to Serve Certificate Of Merit

In August 2002, several months after the complaint in this action was filed, appellant served certificates of merit on the proper parties. Appellant contends that the trial court abused its discretion in refusing him leave to amend his complaint to allege compliance with the certificate of merit requirement based on this August 2002 service. He argues that the late service legally cured any deficiencies in the December 2001 60-day notices. We disagree.

■ Section 25249.7, subdivision (d), as amended, provides: "Actions. pursuant to this section may be brought by any person in the public interest if . . . : [¶] (1) *The private action is commenced more than 60 days from the date that the person has given notice* of an alleged violation of Section 25249.5 or 25249.6 that is the subject of the private action . . . . If the notice alleges a violation of section 25249.6, the notice of the alleged violation shall include a certificate

---

*See footnote, *ante*, page 966.

of merit . . . ." (Italics added.) In interpreting this provision, we are on familiar ground. "We begin by examining the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.]" (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196].) Here, the language of the section is unambiguous—the notice and certificate of merit must be provided *before* the action is commenced.

Appellant argues that *Strauch v. Superior Court* (1980) 107 Cal.App.3d 45 [165 Cal.Rptr. 552] and *Price v. Dames & Moore* (2001) 92 Cal.App.4th 355 [112 Cal.Rptr.2d 65] compel a different result. Code of Civil Procedure section 411.35 requires plaintiffs in certain professional negligence cases to serve and file a certificate of merit on the defendant prior to the date of service of the complaint. *Strauch* involved a predecessor statute, former Code of Civil Procedure section 411.30,[6] which required that a certificate of merit be filed with any medical malpractice complaint. In *Strauch*, despite the plaintiff's failure to file the required certificate, the trial court granted him relief from late filing and permitted him to file the certificate. The Court of Appeal affirmed, relying, in part, on an amendment to former section 411.30 that permitted the certificate of merit to be filed on or before the date of *service* of the complaint and made the complaint subject to demurrer for failure to comply. (*Strauch*, at p. 48.) Since the failure to file the certificate was "demurrable only and curable" (*id.* at p. 49), the trial court properly allowed plaintiff to file the certificate after suit was filed. *Strauch* noted that this result was consistent with the statutory policy behind former section 411.30. "The manifest policy of [former] section 411.30 is to require that a plaintiff provide some independent support of the merits of the action before the action is pursued. [The plaintiff] has satisfied [that] policy." (*Strauch*, at p. 49.)

In *Price v. Dames & Moore, supra,* 92 Cal.App.4th 355, the plaintiff filed a professional negligence complaint against a licensed engineer, triggering the certificate of merit requirement in Code of Civil Procedure section 411.35. Because the plaintiff failed to file the certificate before serving the complaint on the engineer, the trial court sustained the defendants' demurrers without leave to amend. The Court of Appeal reversed, concluding that the trial court should have granted the plaintiff leave to file an amended complaint and a proper certificate. So long as the certificate was filed before the amended complaint was served, the certificate would be timely. (*Price*, at pp. 360–361.) "Permitting leave to amend will not frustrate the statutory purpose of preventing frivolous professional negligence claims. Indeed, it will serve that purpose by

---

[6] Former Code of Civil Procedure section 411.30 was repealed effective January 1, 1989. (Stats. 1986, ch. 247, § 1, p. 1207.)

ensuring the filing of a proper certificate of merit and the availability of substantial sanctions to respondents if they prevail in the action and thereafter succeed in showing that [the plaintiff] actually failed to comply with the requirements for a certificate of merit. [Citations.]" (*Id.* at p. 361.) Neither *Strauch* nor *Price* is apposite here.

 Unlike the claims in professional negligence cases, Proposition 65 claims are not solely private. Though private enforcement of Proposition 65 claims is permitted, public suits are preferred. (*Yeroushalmi v. Miramar Sheraton* (2001) 88 Cal.App.4th 738, 750 [106 Cal.Rptr.2d 332].) A private enforcer must notify the public prosecutor before filing suit and may not file if that prosecutor files its own claim for the same violation before the 60-day postnotice period elapses. (§ 25249.7, subd. (d)(2).)

 Senate Bill No. 471 not only imposed a certificate of merit requirement similar to the one imposed by Code of Civil Procedure section 411.35, it also required the private enforcer to provide to the Attorney General "[f]actual information sufficient to establish the basis of the certificate of merit." (Health & Saf. Code, § 25249.7, subd. (d)(1).) Each of these two new requirements is designed to discourage frivolous suits in different ways. First, if the action is subsequently filed and proceeds to judgment, the court may review the certificate of merit, and if it has no credible basis in fact, find the action frivolous and impose sanctions under the Code of Civil Procedure. (Health & Saf. Code, § 25249.7, subd. (h)(2).) In this respect, Senate Bill No. 471 is similar to Code of Civil Procedure section 411.35. In Proposition 65, however, the deterrent effect of this potential sanction is enhanced by the second requirement added by Senate Bill No. 471: providing factual data to the Attorney General *before* litigation has commenced facilitates the extrajudicial resolution of disputes. The regulations enacted following adoption of Senate Bill No. 471 set out in detail what factual material must be provided (Cal. Code Regs., tit. 11, § 3102) and authorize contacts between the Attorney General and the noticing party (Cal. Code Regs., tit. 11, § 3103, subd. (b)). Thus, the amendment envisioned that efforts to discourage the lawsuit could be undertaken by the state's chief law enforcement officer following receipt of the 60-day notice, the certificate of merit and the underlying factual data.[7] By requiring the private enforcer to supply the Attorney General with the factual information supporting the merits of its claim, Senate Bill No. 471 increases the Attorney General's understanding of the claim's likelihood of success, allowing that office to focus its efforts to discourage filing of the truly frivolous. In addition, armed with this additional

---

[7] At oral argument, appellant informed the court that, even before Senate Bill No. 471 was enacted, representatives of the Attorney General's Office would confer with private enforcers following receipt of the 60-day notice, and, if appropriate, seek to discourage the filing of Proposition 65 suits that were believed to be meritless.

information, the Attorney General should be better able to persuade a private enforcer to either refrain from filing a frivolous suit, or, in conjunction with the alleged violator, to resolve the matter before a suit is filed, defense lawyers are hired and a litigation posture is developed. Permitting a private enforcer to serve this certificate and data *after* the lawsuit has been filed is, therefore, an incomplete "cure." Although the late service would not interfere with the imposition of sanctions following completion of the lawsuit, it would reduce the effectiveness of prelitigation efforts by the Attorney General to discourage filing the frivolous suit in the first place.

### DISPOSITION

The judgment is affirmed. Respondents shall recover their costs in defending this appeal.

Jones, P. J., and Stevens, J., concurred.