[No. B181275. Second Dist., Div. Five. Apr. 18, 2006.]

STEPHEN MCVEIGH, Plaintiff and Appellant, v.
DOE 1 et al, Defendants and Respondents.

900

**COUNSEL**

Zalkin & Zimmer, Irwin M. Zalkin, Michael Zimmer, Devin M. Storey; Law Offices of Belli & McLean and Kevin R. McLean for Plaintiff and Appellant.

Betts & Wright and James B. Betts for Defendants and Respondents.

**OPINION**

**ARMSTRONG, Acting P. J.**—This case arises under Code of Civil Procedure[1] section 340.1, subdivision (h), which concerns the certificates of merit required in certain actions alleging childhood sexual abuse. It poses a single question: Whether a section 340.1, subdivision (h)(3) certificate setting forth facts which justify late filing of the subdivision (h)(1) and (h)(2) certificates may be filed with those certificates, even after the period of limitations, or whether the (h)(3) certificate must be filed with the complaint, within the period

---

[1] All further statutory references are to that code.

of limitations. We hold that the subdivision (h)(3) certificate may be filed with the (h)(1) and (h)(2) certificates, which may, under the terms of the statute, be filed as much as 60 days after the complaint is filed, even after the period of limitations.

These are the relevant facts and statutes:

Plaintiff and appellant Steven McVeigh sued a school he had attended, Does 1 and 2, respondent here, and a former teacher at the school, alleging that he was molested by the teacher between 1980 and 1982. The complaint was filed on December 26, 2003, within the applicable statute of limitations, the one-year revival period for previously time-barred actions, ending on January 1, 2004. (§ 340.1, subd. (c).)

Because appellant was older than 26 years old when the complaint was filed, he was also required[2] to file certificates of merit executed by his attorney and by a licensed mental health practitioner (§ 340.1, subd. (g)), "declaring, respectively, as follows, setting forth the facts which support the declaration: . . ."[3] (§ 340.1, subd. (h).)

Three subparts follow that critical colon. Under subdivision (h)(1) the attorney's certificate must state that the attorney has reviewed the facts of the case, consulted with a qualified mental health practitioner, and concluded that there was reasonable and meritorious cause for filing the action. Under section 340.1, subdivision (h)(2), the mental health practitioner's certificate must state the practitioner's professional opinion that there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse.

The issue here is about section 340.1, subdivision (h)(3), which also describes facts to be set forth by the attorney (where circumstances warrant): "That the attorney was unable to obtain the [mental health] consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificates required by paragraphs (1) and (2) could not be obtained before the impairment of the action. If a certificate is executed pursuant to this paragraph, the certificates required by paragraphs (1) and (2) shall be filed within 60 days after filing the complaint."

In other words, subdivision (h)(3) allows certificates of merit to be filed after the statute of limitations has run (but no more than 60 days after the complaint is filed) on an attorney's certificate showing necessity.

---

[2] Failure to file certificates of merit may constitute unprofessional conduct and may be the grounds for discipline against the attorney (§ 340.1, subd. (k)), and shall be grounds for a demurrer or a motion to strike. (§ 340.1, subd. (l).)

[3] This is very awkward wording, but the meaning is clear: there must be declarations from the attorney and a mental health practitioner, and the declarations must set forth facts in support of the conclusions those individuals reach.

Appellant filed his subdivision (h) certificates, including the attorney certificate of merit (§ 340.1, subd. (h)(1)), the mental health practitioner's certificate of merit (§ 340.1, subd. (h)(2)), and the attorney's certificate of facts justifying late-filed certificates of merit (§ 340.1, subdivision (h)(3)) on February 20, 2004, after the statute of limitations expired, but within 60 days of the date the complaint was filed.

■ Respondent demurred, contending that the case was time-barred because the subdivision (h)(3) certificate justifying late-filed certificates was not filed within the statute of limitations, and with the complaint. The trial court sustained the demurrer and dismissed the case. We reverse, finding that the subdivision (h)(3) attorney certificate may be filed with the (h)(1) and (h)(2) certificates, and need not be filed with the complaint.

■ We find this meaning in the words of the statute, giving those words their plain meaning and placing them in context. (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 32 [65 Cal.Rptr.2d 360, 939 P.2d 760].) Under those principles, we see nothing in the statute that requires the attorney's certificate justifying late-filed certificates of merit to be filed with the complaint, rather than with those late-filed certificates. Instead, section 340.1, subdivision (h) makes the attorney's certificate justifying a late filing a *part of* the attorney's certificate of merit. The statute treats the statement of those facts exactly as it does the statements concerning the merits of the case. Even the numbering makes this clear. Subdivision (h) begins with the introductory setup which tells us that subparts 1, 2, and 3 specify the facts which shall be set forth in the certificates. The subparts are then treated identically. There is no separate filing requirement for the (h)(3) certificate.

From this, we can only conclude that the subdivision (h)(3) certificate, like the (h)(1) and (h)(2) certificate, can be filed up to 60 days after the complaint is filed, if the requisite mental health consultation cannot be timely obtained. To find that the attorney certificate of facts justifying late-filed certificates must be filed with the complaint would be to import a provision into the statute which the Legislature has not placed there. (§ 340.1, subd. (h).)

■ "The literal meaning of the words of a statute may be disregarded to avoid absurd results or to give effect to manifest purposes that, in the light of the statute's legislative history, appear from its provisions considered as a whole." (*Silver v. Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689].) An examination of those considerations gives us no reason to change our ruling.

First, the statute does not lead to an absurd result. It provides that if the subdivision (h)(1) and (h)(2) certificates are not filed with the complaint, they must be filed within 60 days, along with the (h)(3) certificate explaining the delay. In other circumstances, this might cause confusion: a defendant served with the complaint, but not the mandatory attachments or a statement of excuse for their absence, would not know whether a demurrer was appropriate or whether the attachments would soon be forthcoming. In cases in which the mandatory attachments are certificates of merit under section 340.1, no such confusion is possible, because the complaint cannot be served until the trial court has reviewed the certificates of merit and found there is a reasonable and meritorious cause for filing the case against the defendant. (§ 340.1, subd. (j).)

Notably, no motion or application to the court is required before a plaintiff may avail himself or herself of the additional 60 days in which to file the certificates of merit. All that is needed is an attorney's certificate of the facts explaining that the additional time was needed. Nothing would be gained by requiring that the subdivision (h)(3) certificate be filed in advance of the (h)(1) and (h)(2) certificates.

Under our reading of the statute, if the two substantive certificates are filed with the complaint, the court would review them with the complaint. If they are not, the court would review them, and the certificate justifying the late filing, at the same time. In neither case is there any prejudice to the defendant, or any illogic.

Nor does the timing of the subdivision (h)(3) certificate prejudice the defendant in terms of the statute of limitations. Section 340.1 allows certificates of merit to be filed after the statute of limitations has expired, if the attorney certifies facts amounting to an excuse. Under section 340.1, a plaintiff who files a complaint on the last day before the statute of limitations runs may still have an additional 60 days in which to complete the filing, and that is true whether the (h)(3) certificate is filed with the complaint, or with the (h)(1) and (h)(2) certificates.

Nor are we required to disregard the words of the statute to advance its purposes. The overall goal of section 340.1 is to allow victims of childhood sexual abuse a longer time period in which to bring suit against their abusers. (*Debbie Reynolds Prof. Rehearsal Studios v. Superior Court* (1994) 25 Cal.App.4th 222, 232 [30 Cal.Rptr.2d 514].) The legislative history makes this abundantly clear. The statute has been amended numerous times since its enactment in 1986, to enlarge the period for filing claims, " 'to hold molesters accountable for their behavior so that they are not "off the hook" as soon as their victims reach age 21' " (*Debbie Reynolds, supra,* 25 Cal.App.4th at p. 231, citing Sen. William Lockyer, Sen. Com. on Judiary chair and author

of Sen. Bill No. 108 (1989–1990 Reg. Sess.); Stats. 1990, ch. 1578, § 1, p. 7550; see also *Lent v. Doe* (1995) 40 Cal.App.4th 1177, 1183 [47 Cal.Rptr.2d 389]; Stats. 1994, ch. 288, § 1, p. 1928), to extend the expanded limitations period to actions not just against molesters, but against "any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse . . . ." (§ 340.1, subd. (a)(2); see *Tietge v. Western Province of the Servites, Inc.* (1997) 55 Cal.App.4th 382, 388 [64 Cal.Rptr.2d 53]; Stats. 1998, ch. 1032), or even to revive claims. (Stats. 1999, ch. 120; Stats. 2002, ch. 149.) Each time, plaintiffs' access to the courts was expanded.

Our ruling here, that the section 340.1, subdivision (h)(3) certificate may be filed with the (h)(1) and (h)(2) certificates, is consistent with that goal. To put it another way, were we to rule that the (h)(3) certificate must be filed with the complaint, a reading which is not apparent on the face of the statute, we would rule contrary to the purpose of the statute. We would not advance or support plaintiffs' access to the courts, but would create a procedural trip wire for plaintiffs and their attorneys, and cause the dismissal of cases which would otherwise be entitled to proceed.

We see nothing in the statute which indicates that the Legislature intended that a case could hinge on the timing of the (h)(3) certificate. That certificate must be filed if the (h)(1) and (h)(2) certificates are not filed with the complaint, but unlike the (h)(1) and (h)(2) certificates, the (h)(3) certificate does not address the merits of the case. Instead, it is purely procedural. It does no more than explain why the certificates of merit were not timely filed. Notably, in this case, the trial court conducted its review of the (h)(1) and (h)(2) certificates and found that based on those certificates, there was a reasonable and meritorious cause for filing the case against respondent.

Of course, the certificates of merit requirements in section 340.1 have a purpose, too, to prevent frivolous and unsubstantial claims. (*Price v. Dames & Moore* (2001) 92 Cal.App.4th 355, 361 [112 Cal.Rptr.2d 65] [§ 411.35, concerning claims against architects and engineers]; *Adams v. Roses* (1986) 183 Cal.App.3d 498, 504 [228 Cal.Rptr. 339] [former § 411.30, concerning medical malpractice claims].) But if we were to adopt respondent's position and find that the subdivision (h)(3) certificate must be filed with the complaint, the rights of defendants would not be advanced.

The rights of defendants to be free from frivolous lawsuits are protected by the very fact that certificates of merit are required where the plaintiff is 26 years old or older, and by other parts of the statute: such a plaintiff alleging childhood sexual abuse may not serve the complaint until a trial court has reviewed the certificates in camera and found there is a reasonable and

meritorious cause for filing the case against the defendant (§ 340.1, subd. (j)), and a defendant may not be named with anything other than a fictitious name until the plaintiff has made a special application to the court, accompanied by a certificate of corroborative fact. (§ 340.1, subds. (m) & (n).)

Respondent's argument to the contrary is based on *Doyle v. Fenster* (1996) 47 Cal.App.4th 1701 [55 Cal.Rptr.2d 327]. In that case, the plaintiff filed her action alleging childhood sexual abuse within the statute of limitations. Her certificates of merit were filed after the statute had run, and more than 60 days after the complaint was filed. No subdivision (h)(3)[4] attorney certificate regarding the reason for the late-filed certificates of merit was *ever* filed. (§ 340.1, subd. (h).) The trial court found that the case was time-barred because the (h)(1) and (h)(2) certificates of merit were not timely filed, and dismissed the case. The Court of Appeal affirmed, holding that the very existence of subdivision (h)(3) meant that the (h)(1) and (h)(2) certificates of merit must be filed within the statute of limitations unless there is an attorney statement under (h)(3) which explains the late filing of those certificates. The ruling is obviously correct, but it is not a ruling on the question before us.

Respondent relies on two sentences—or phrases—in *Doyle*. In one, that court wrote that section 340.1, subdivision (h)(3) "advises the attorney to file the complaint to preserve the statute of limitations *and* a certificate explaining why the certificates of merit are not being filed, . . ." (*Doyle v. Fenster, supra,* 47 Cal.App.4th at p. 1706, italics added) and in the other, the court referred to all the certificates as an "aspect of the complaint," so that demurrer was the appropriate means of challenging the lack of certificates. (*Id.* at p. 1707.) Respondent reads in these phrases a holding that the (h)(3) certificate must be filed at the same time the complaint is filed, and must be filed within the statute of limitations.

We see no such holding in *Doyle*, which was not presented with any question concerning the time at which the (h)(3) certificate must be filed, and did not rule on that question. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 88 [87 Cal.Rptr.2d 754].) *Doyle* used the quoted turns of phrases in service of its discussion of the arguments and contentions presented in that case, and not in order to create law, or make holdings, on other issues. *Doyle* is simply not on point.

We thus conclude that the trial court erred in sustaining the demurrer.

---

[4] When *Doyle* was decided, that certificate was described in section 340.1, former subdivision (e)(3).

## Disposition

The judgment is reversed. Appellant to recover costs on appeal.

Mosk, J., and Kriegler, J., concurred.