[No. A128065. First Dist., Div. Five. Feb. 9, 2011.]

OLINDA JACKSON, Plaintiff and Appellant, v.
JOHN DOE, Defendant and Respondent.

744

**COUNSEL**

Curtis Legal Group, Lori A. Reihl and Paul R. Scheele for Plaintiff and Appellant.

Patricia Ann Gray for Defendant and Respondent.

**OPINION**

**JONES, P. J.—** Pursuant to Code of Civil Procedure section 340.1[1] "the limitations period for actions to recover damages for childhood sexual abuse is the later of either the plaintiff's 26th birthday or three years from the date the plaintiff discovers, or reasonably should have discovered, that psychological injury occurring after turning 18 was caused by the sexual abuse. [Citation.]" (*Dutra v. Eagleson* (2006) 146 Cal.App.4th 216, 222 [52 Cal.Rptr.3d 788] (*Dutra*).) A plaintiff who is 26 years of age or older when such an action is commenced must file "certificates of merit" executed by the plaintiff's attorney and by a licensed mental health practitioner. (§ 340.1, subds. (g), (h)(1), (2).) The certificates must include declarations reflecting a reasonable and meritorious cause for the filing of the action, and a reasonable basis to believe the plaintiff has been subject to childhood sexual abuse. (*Doyle v. Fenster* (1996) 47 Cal.App.4th 1701, 1704 [55 Cal.Rptr.2d 327] (*Doyle*).)

The certificates of merit must be filed within the statute of limitations period, unless the plaintiff's attorney files a certificate—known as an attorney certificate—pursuant to section 340.1, subdivision (h)(3) explaining why the certificates of merit were not filed before the statute of limitations expired. Where the attorney files such an attorney certificate, the appropriate certificates of merit "shall be filed within 60 days after filing the complaint."

---

[1] Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

(§ 340.1, subd. (h)(3); see *McVeigh v. Doe 1* (2006) 138 Cal.App.4th 898, 901 [42 Cal.Rptr.3d 91] (*McVeigh*); *Doyle, supra*, 47 Cal.App.4th at p. 1704.)

Plaintiff Olinda Jackson (plaintiff) filed a complaint on January 15, 2009, in propria persona, alleging defendant John Doe (defendant) sexually abused her.[2] She alleged defendant molested her throughout her childhood, but she did not realize the molestation had caused her psychiatric and emotional problems until January 18, 2006. She did not file the certificates of merit with the complaint, nor did she obtain the trial court's approval before naming defendant and serving him with the complaint. (See § 340.1, subds. (j), (m).) Defendant demurred based on plaintiff's failure to file the certificates of merit and the trial court sustained the demurrer without leave to amend. The court subsequently denied plaintiff's motion for relief pursuant to section 473.

Plaintiff appeals. She contends the court (1) erred by considering defendant's untimely demurrer; (2) abused its discretion by sustaining the demurrer without leave to amend; and (3) abused its discretion by denying relief pursuant to section 473. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2009, plaintiff sued defendant for negligence, intentional tort, and punitive damages. Plaintiff alleged defendant sexually molested her multiple times in 1971 and throughout her childhood; plaintiff further claimed she did not realize the molestation was the cause of her psychiatric and emotional problems until January 18, 2006. The complaint did not attach the certificates of merit required by section 340.1, subdivision (h), nor did plaintiff obtain the trial court's approval before naming defendant and serving him with the complaint. (See § 340.1, subds. (j), (m).) The complaint was not verified.

*The Demurrer*

Defendant demurred to the complaint on the ground that plaintiff failed to file the certificates of merit required by section 340.1, subdivision (h) to "corroborat[e] her claims before the statute of limitations ran. This defect in pleading cannot be cured and the [c]omplaint must be dismissed without leave to amend." Plaintiff did not oppose the demurrer. Instead, she hired an attorney two days before the hearing who asked for additional time to oppose the demurrer and to explain why plaintiff did not file the certificates of merit.

---

[2] We use the Doe designation in place of defendant's true name pursuant to section 340.1, subdivision (m) and the trial court's order sealing the record.

Plaintiff also objected that the demurrer was untimely.[3] The trial court denied plaintiff's request and sustained the demurrer without leave to amend, concluding that plaintiff's attorney's failure to file the attorney certificate pursuant to section 340.1, subdivision (h)(3) "constitute[d] grounds for sustaining [the] demurrer without leave" to amend. The court advised counsel that plaintiff could seek relief pursuant to section 473.

*Plaintiff's Motion for Section 473 Relief*

On October 30, 2009, plaintiff moved for relief pursuant to section 473. Plaintiff argued she was entitled to relief because the demurrer was untimely pursuant to section 430.40. She also contended she was entitled to mandatory and discretionary relief pursuant to section 473, subdivision (b) because the order sustaining the demurrer without leave to amend "was taken as a result of the mistake and neglect of plaintiff, who was acting as her own attorney" and by the excusable neglect of "her current attorney. . . ."

Plaintiff claimed she was entitled to mandatory relief because she misinterpreted the law when she was acting as her own attorney. She explained that she did not believe section 340.1 required her to file the certificates of merit because (1) she was prosecuting the lawsuit in propria persona; and (2) defendant told her he molested her and admitted molesting her in open court in an unrelated civil case.[4] She also argued she was entitled to mandatory relief because her attorney neglected to file a written opposition to the demurrer or to argue the merits of the demurrer at the hearing. Finally, plaintiff claimed she was entitled to discretionary relief because the order sustaining the demurrer without leave to amend was "taken due to [her] mistake, inadvertence, surprise, or excusable neglect. Under the circumstances, the mistake of law was quite reasonable and any neglect was excusable . . . ." Plaintiff explained that the motion for relief was made within a " 'reasonable time.' "

Plaintiff's section 473 motion attached a proposed first amended complaint alleging causes of action for sexual abuse, intentional infliction of emotional distress, and punitive damages. The amended complaint alleged Doe molested

---

[3] Defendant demurred on March 20, 2009, eight days after the 30-day period set forth in section 430.40 expired. In the trial court, the parties disagreed whether defendant obtained a valid extension of time to respond to the complaint. On appeal, defendant concedes the demurrer is untimely.

[4] In *Blumberg v. Doe* (Super. Ct. Napa County, No. 26-25462) (*Blumberg*), plaintiff Liliane Blumberg sued defendant and defendant's winery, alleging defendant molested her when she was four years old. Defendant denied the allegations but admitted molesting another minor on another occasion. Defendant obtained a defense verdict. We use the "Doe" designation pursuant to section 340.1, subdivision (m).

plaintiff beginning "[i]n or around 1968, and continuing for several years through approximately 1977, in Napa County . . . and possibly in other counties" when plaintiff was between nine and 17 years old. Like the original complaint, the amended complaint alleged plaintiff did not realize the molestation was the cause of her injuries until January 18, 2006. The amended complaint attached the certificates of merit required by section 340.1, subdivision (h)(1) and (2). The section 473 motion also attached a summary of *Blumberg* from Verdict Search Magazine indicating defendant "admitted that he had molested a minor on another occasion when he stepped into a surrogate-father role . . . ."

Plaintiff supported her section 473 motion with several declarations, including a declaration from the attorney who represented the plaintiff in *Blumberg*. The attorney averred that during the *Blumberg* trial, defendant admitted he "engaged in oral sex with [plaintiff] while she was a minor." In addition, plaintiff's attorney submitted a declaration averring that the order sustaining the demurrer was caused by his mistake, inadvertence, surprise or neglect and also by plaintiff's mistake, inadvertence, and excusable neglect "in her capacity as a litigant." Plaintiff's counsel also explained why plaintiff needed nearly six months to file the motion for relief. Finally, in her declaration, plaintiff averred that she believed it was unnecessary for her to file the certificates of merit when she filed the complaint because she was acting as her own attorney. She also noted that she was hit by a car a few days after filing the complaint and that "[p]rosecuting litigation at the time would have been very difficult" because she was injured, was taking pain medication, and did not have a car.

In opposition to the motion, defendant argued the court properly sustained the demurrer without leave to amend. Defendant also argued plaintiff's section 473 motion did "not state facts sufficient for relief" because section 473 could not "resurrect a case barred by the statute of limitations" and because there was no mistake, inadvertence, surprise, or excusable neglect.

At the hearing, the court asked counsel for plaintiff, "setting aside all the policy arguments that . . . you make, isn't the failure to file this certificate of merit, doesn't that result in the action being time bar[red]?" In response, plaintiff's counsel argued that the amended complaint related back to the original complaint. In a written ruling, the court denied the motion and dismissed the complaint. The court concluded plaintiff "ha[d] not set forth a convincing explanation for waiting nearly six months to file the instant motion" and had failed to demonstrate "excusable neglect . . . for [her] initial

failure to file certificates of merit, which are clearly required by the applicable statute." The court also determined that "even assuming the . . . issues could be resolved in plaintiff's favor, there exists no ground upon which the demurrer could have been overruled or sustained with leave to amend, because, regardless of the interesting policy arguments put forth by plaintiff, the failure to file a certificate of merit, at least from a licensed mental health practitioner, resulted in the action being barred by the statute of limitations, and nothing plaintiff has put forth could have changed that fatal defect." The court also denied defendant's objections to the evidence plaintiff submitted in support of her motion.

## DISCUSSION

### *The Court Was Within Its Discretion to Consider the Untimely Demurrer*

As she did in the court below, plaintiff contends the court should have refused to consider the demurrer because it was filed after the 30-day period set forth in section 430.40 expired. Section 430.40, subdivision (a) provides that "[a] person against whom a complaint or cross-complaint has been filed may, within 30 days after service of the complaint . . . , demur to the complaint. . . ."

Plaintiff filed the complaint on January 15, 2009, and served it on February 10, 2009. Defendant demurred to the complaint on March 20, 2009, eight days after the 30-day time period set forth in section 430.40 expired. Contrary to plaintiff's argument, the trial court had discretion to consider defendant's untimely demurrer. (*McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 280 [54 Cal.Rptr.3d 116] (*McAllister*); § 473, subd. (a)(1) ["[t]he court may, in furtherance of justice, and on any terms as may be proper . . . enlarge the time for answer or demurrer"].)

As an initial matter, we reject plaintiff's assertion—unsupported by any evidence—that defendant filed the demurrer after the 30-day period set forth in section 430.40 expired to prevent her from having an opportunity to file the certificates of merit and the attorney certificate within 60 days of filing the complaint. At the hearing on the demurrer, counsel for defendant explained that she called plaintiff because she "saw no certificates of merit were attached" to the complaint and "alerted her . . . that there were certificates of merit that needed to be filed." Counsel asked plaintiff for an extension of time to respond to the complaint, and plaintiff refused. We fail to see how counsel's request for an extension was a tactical maneuver calculated to

prevent plaintiff from complying with section 340.1, subdivision (h), particularly where plaintiff admitted she believed she did not need to file the certificates of merit because she was prosecuting the lawsuit in propria persona.

■ Though not cited by either party, *McAllister, supra*, 147 Cal.App.4th at page 280, is on point. There, the defendant demurred to the plaintiff's second amended complaint and the trial court sustained the demurrer without leave to amend. (*Id.* at p. 267.) On appeal, the plaintiff argued the court should have denied the demurrer as untimely because "a demurrer *must* be filed and served within 30 days after service of the complaint . . . ." pursuant to section 430.40, subdivision (a). (*McAllister, supra*, 147 Cal.App.4th at p. 279, original italics.) The *McAllister* court rejected this argument for two reasons. First, the court noted that section 430.40 is permissive, not mandatory, because it uses the term "may" rather than "must." (*McAllister, supra*, at p. 280.) Second, the court held that " '[t]here is no absolute right to have a pleading stricken for lack of timeliness in filing where no question of jurisdiction is involved, and where, as here, the late filing was a mere irregularity [citation]; the granting or denial of the motion is a matter which lies within the discretion of the court.' [Citations.] [¶] . . . The trial court may exercise this discretion so long as its action does 'not affect the substantial rights of the parties.' [Citations]." (*Id.* at pp. 281–282.)

We reach the same conclusion here. As noted above, section 473, subdivision (a)(1) allows the court to increase the time for filing a demurrer in furtherance of justice and on any terms that may be proper. The trial court's consideration of the demurrer, filed 38 days after plaintiff served the complaint, did not affect plaintiff's "substantial rights," where plaintiff did not take steps to obtain a default judgment or demonstrate the delay prejudiced her. (*McAllister, supra*, 147 Cal.App.4th at p. 282; see also § 475 [requiring the court to "disregard any error . . . or defect, in the pleadings" that does not affect the substantial rights of the parties].) Therefore, we conclude the lower court acted within its broad discretion by considering defendant's demurrer, notwithstanding plaintiff's claim that it was untimely. (*McAllister, supra*, at p. 282.)

*The Court Properly Sustained the Demurrer Without Leave to Amend*

"In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff . . . . Regardless of the label attached to the cause of action, we examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. [Citation.] However, the judgment will be affirmed if it is proper on any of the grounds raised in the

demurrer, even if the court did not rely on those grounds. [Citation.] [¶] We do not assume the truth of contentions, deductions, or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact which may be judicially noticed. When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper. [Citations.]" (*Dutra, supra,* 146 Cal.App.4th at p. 221; see *Hightower v. Roman Catholic Bishop of Sacramento* (2006) 142 Cal.App.4th 759, 764 [48 Cal.Rptr.3d 420] (*Hightower*).)

The trial court sustained defendant's demurrer without leave to amend, concluding plaintiff's failure to file the certificates of merit before the statute of limitations expired or within 60 days of filing the complaint barred the complaint as a matter of law. As a threshold matter, we reject plaintiff's suggestion that she was not required to file the certificates of merit described in section 340.1, subdivision (h) because she was prosecuting the lawsuit in propria persona. Section 340.1, subdivision (g) provides that "[e]very plaintiff 26 years of age or older at the time the action is filed shall file certificates of merit as specified in subdivision (h)." (§ 340.1, subd. (g); see *McVeigh, supra,* 138 Cal.App.4th at p. 901, fn. 3.) On its face, subdivision (g)'s use of the phrase "every plaintiff 26 years of age or older" requires all plaintiffs above a certain age to file the certificates of merit in lawsuits alleging childhood sexual abuse. Section 340.1 repeatedly refers to "the attorney for the plaintiff" and describes requirements "the attorney" must fulfill when a plaintiff files a complaint alleging childhood sexual abuse.[5] (See, e.g., § 340.1, subds. (h), (i), (k), (n)(1), (3), (q).) **(4)** While the statute contains exceptions, nowhere does it excuse a plaintiff from filing the certificates of merit because the plaintiff is representing himself or herself. (See *In re J. W.* (2002) 29 Cal.4th 200, 209 [126 Cal.Rptr.2d 597, 57 P.3d 363] [Latin phrase *expressio unius est exclusio alterius* means "the expression of one thing in a statute ordinarily implies the exclusion of other things"]; see also *Hightower, supra,* 142 Cal.App.4th at p. 763 [propria persona plaintiff filed complaint and "a certificate of merit that included

---

[5] A review of section 411.35 supports our conclusion. (See *Guinn v. Dotson* (1994) 23 Cal.App.4th 262, 268 [28 Cal.Rptr.2d 409] [court may "look to the judicial construction of similar language in an analogous statute" to determine legislative intent].) Section 411.35— upon which the Legislature modeled section 340.1—requires a plaintiff in a malpractice action against an architect, engineer, or surveyor to file a certificate of merit from "the attorney for the plaintiff" attesting to the merit of the claim before serving the defendant. (§ 411.35, subds. (a), (b); see *Ponderosa Center Partners v. McClellan/Cruz/Gaylord & Associates* (1996) 45 Cal.App.4th 913, 915 [53 Cal.Rptr.2d 64]; see also Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1651 (1997–1998 Reg. Sess.) as amended July 16, 1998, p. 6.) The plain language of section 411.35 does not exempt a propria persona plaintiff from the certificate of merit requirement.

psychological treatment records indicating that he was in fact a sex abuse victim" (fn. omitted)]; *McVeigh, supra,* 138 Cal.App.4th at p. 901, fn. 3.)

Our review of the legislative history does not indicate our interpretation of the statute would "defeat legislative intent or produce an absurd result." (*In re J. W., supra,* 29 Cal.4th at p. 209.) The legislative materials indicate that the purpose of the certificates of merit requirements is to impose "pleading hurdles aimed at reducing frivolous claims." (Sen. Com. on Judiciary, 3d reading analysis of Sen. Bill No. 108 (1989–1990 Reg. Sess.) as amended Aug. 15, 1990, p. 5; see *McVeigh, supra,* 138 Cal.App.4th at pp. 903–904 [the purpose of the certificates of merit requirements is "to prevent frivolous and unsubstantial claims"]; see also *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 545, 552 & fn. 6 [67 Cal.Rptr.3d 330, 169 P.3d 559]; *UDC-Universal Development, L.P. v. CH2M Hill* (2010) 181 Cal.App.4th 10, 27 [103 Cal.Rptr.3d 684] [purpose of § 411.35, a similarly worded statute, is to discourage frivolous lawsuits].) The application of the certificates of merit requirements to "every plaintiff 26 years of age or older" furthers this purpose, particularly where plaintiff has not verified her complaint or demonstrated how such a purpose would be served by exempting propria persona plaintiffs from the certificates of merit requirements. To excuse propria persona plaintiffs from the certificates of merit requirements would create a cavernous loophole in the statute, a loophole that would defeat its salutary goal: to allow revival of time-lapsed claims upon a minimal showing of merit. "The rights of defendants to be free from frivolous lawsuits are protected by the very fact that certificates of merit are required where the plaintiff is 26 years old or older . . . ." (*McVeigh, supra,* 138 Cal.App.4th at p. 904.) Plaintiff may have a meritorious claim against defendant, but her failure to comply with section 340.1, subdivision (h) prevents her from prosecuting that claim.[6]

A demurrer may be sustained without leave to amend where the plaintiff fails to file the certificates of merit in accordance with section 340.1, subdivision (h) before the statute of limitations expires or within 60 days of filing the complaint. (§ 340.1, subd. (*l*); *Doyle, supra,* 47 Cal.App.4th at pp. 1706–1708; Haning et al., Cal. Practice Guide: Personal Injury (The Rutter Group 2010) ¶ 5:91.2, p. 5-71 (rev. # 1, 2009) ["the childhood sexual abuse cause of action will be *dismissed* at the pleading stage" for failure to file the certificates of merit required by § 340.1, subd. (h) (original italics)].) *Doyle* is instructive. There, the 28-year-old plaintiff filed an action alleging childhood sexual abuse within the statute of limitations, but she did not file the certificates of merit until after the statute had run, and more than 60 days

---

[6] Requiring propria persona plaintiffs to obtain a certificate of merit from a mental health practitioner would not, as plaintiff contends, be "redundant" or create an "absurd result [that] cannot be what the [L]egislature intended."

after filing the complaint. (*Doyle, supra*, at pp. 1703, 1705.) Nor did the plaintiff file an attorney certificate pursuant to section 340.1, subdivision (h)(3).[7] (*Doyle, supra*, at p. 1705.) The trial court sustained the demurrer without leave to amend, concluding the complaint was time-barred because the plaintiff did not timely file the certificates of merit. (*Ibid.*)

The appellate court affirmed, holding that section 340.1 "requires the filing of the certificates of merit before the running of the statute of limitations" because the certificates of merit are "an aspect of the complaint." (*Doyle, supra*, 47 Cal.App.4th at pp. 1703, 1707.) *Doyle* explained that the very existence of section 340.1, subdivision (h)(3) indicated that the certificates of merit must be filed within the statute of limitations unless there is an attorney certificate under subdivision (h)(3) explaining the late filing of the certificates of merit. (*Doyle, supra*, at p. 1706; *McVeigh, supra*, 138 Cal.App.4th at p. 901.) As in *Doyle*, plaintiff's failure to comply with section 340.1 is fatal to her claim and the court properly sustained defendant's demurrer without leave to amend.

Despite conceding she did not file the certificates of merit within the limitations period or within 60 days of the filing of the complaint, plaintiff contends the court should have granted leave to amend because "the defect could be cured by amendment . . . ." She relies on *Price v. Dames & Moore* (2001) 92 Cal.App.4th 355 [112 Cal.Rptr.2d 65] (*Price*), a case concerning section 411.35, which requires plaintiffs in certain professional negligence cases to serve and file a certificate of merit on the defendant *before* serving the complaint. In *Price*, the plaintiff initiated a malpractice action against the defendant engineers but failed to file a certificate of merit pursuant to section 411.35 before serving the defendants. (*Price, supra*, at p. 358.) After the court sustained the defendants' demurrer, the plaintiff filed a certificate of merit and then filed a first amended complaint. The certificate, however, was signed by the plaintiff and not by her attorney. (*Ibid.*) The defendants demurred to the first amended complaint and the trial court sustained the demurrer without leave to amend, concluding the plaintiff failed to comply with section 411.35. (*Price, supra*, at p. 359.)

The appellate court reversed. It explained that the trial court erred by sustaining the demurrers based on the plaintiff's failure to timely file a certificate of merit because "a certificate was on file before the first amended complaint was served . . . ." (*Price, supra*, 92 Cal.App.4th at p. 359.) The court acknowledged that the plaintiff's section 411.35 certificate was defective because it was signed by the plaintiff and not by her attorney, but

---

[7] The subdivisions of section 340.1 have been renumbered. When *Doyle* was decided, section 340.1, former subdivision (e)(3) described the attorney certificate. (See *McVeigh, supra*, 138 Cal.App.4th at p. 905, fn. 4.)

explained that it was "reasonably possible that [the plaintiff] will be able to cure this defect." (*Price, supra,* at p. 360.) Finally, the court determined that the trial court abused its discretion by sustaining the demurrer without leave to amend because "[p]ermitting leave to amend will not frustrate the statutory purpose of preventing frivolous professional negligence claims. Indeed, it will serve that purpose by ensuring the filing of a proper certificate of merit and the availability of substantial sanctions to respondents if they prevail in the action and thereafter succeed in showing that [the plaintiff] actually failed to comply with the requirements for a certificate of merit." (*Id.* at p. 361.)

*Price* does not assist plaintiff. The plaintiff in *Price* filed a certificate of merit required by the applicable statute before filing the first amended complaint. (*Price, supra,* 92 Cal.App.4th at p. 360.) Here—and in stark contrast to *Price*—plaintiff did not file the certificates of merit in accordance with section 340.1, subdivision (h) either before the statute of limitations expired or within 60 days of filing the complaint. In contrast to *Price,* there was simply no way for plaintiff to "cure[] the defect" after the statute of limitations and the 60-day period set forth in section 340.1, subdivision (h)(3) expired. (Cf. *Price, supra,* at p. 360.)

*Strauch v. Superior Court* (1980) 107 Cal.App.3d 45, 49 [165 Cal.Rptr. 552] is also inapposite. *Strauch* involved former section 411.30, which required a plaintiff in a medical malpractice action to file a certificate of merit with any medical malpractice complaint. In that case, the plaintiff filed a medical malpractice complaint against the defendants, but did not accompany it with a certificate of merit or a certificate of inability to timely comply pursuant to former section 411.30. (*Strauch, supra,* at p. 47.) After the defendants moved to strike, the plaintiff moved for relief pursuant to section 473. The trial court granted the plaintiff's motion for relief, permitted the plaintiff to file the certificate of merit, and denied the defendants' motion to strike. (*Strauch, supra,* at p. 47.) The Court of Appeal affirmed, relying, in part, on an amendment to former section 411.30 permitting the certificate of merit to be filed on or before the date of service of the complaint and made the complaint subject to demurrer for failure to comply. (*Strauch, supra,* at p. 48.) *Strauch* does not assist plaintiff because there was no statute of limitations issue in that case.

*The Court Did Not Abuse Its Discretion by Denying Plaintiff's Section 473 Motion*

Next, plaintiff contends the court abused its discretion by denying her motion for relief pursuant to section 473. The court denied plaintiff's motion, determining her "failure to file a certificate of merit, at least from a licensed

mental health practitioner, resulted in the action being barred by the statute of limitations, and nothing plaintiff has put forth could have changed that fatal defect."

█ "Section 473(b) provides a means for relief from judgment entered as a result of mistake, inadvertence, surprise, or neglect." (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 224 [113 Cal.Rptr.3d 692].) The statute contains a discretionary provision, which enables a court to " 'relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.' [Citation.] . . . [¶] Section 473(b) also contains a 'mandatory' or 'attorney affidavit' provision," which relieves a party "if a default judgment or dismissal is the result of its attorney's mistake, inadvertence, surprise, or neglect, without regard to whether the neglect is excusable. [Citation.]" (*Henderson, supra*, at p. 225.)

Although section 473 "may afford parties relief from the consequences of a wide variety of procedural errors," it "does not offer relief from mandatory deadlines deemed jurisdictional in nature." (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 372 [30 Cal.Rptr.3d 558, 114 P.3d 795] (*Maynard*).) As our Supreme Court has explained, section 473 does not "generally apply to dismissals attributable to a party's failure to comply with the applicable limitations period in which to institute an action . . . ." (*Maynard, supra*, at p. 372.) Other courts have reached the same result under similar circumstances. (See, e.g., *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 932 [55 Cal.Rptr.2d 193] [§ 473 relief unavailable where plaintiff failed to comply with statute of limitations in a case against a public entity]; *Hanooka v. Pivko* (1994) 22 Cal.App.4th 1553, 1563 [28 Cal.Rptr.2d 70] [no § 473 relief from a dismissal caused by plaintiff's failure to comply with the statute of limitations in a medical malpractice action]; *Nathanson v. Superior Court* (1974) 12 Cal.3d 355, 369 [115 Cal.Rptr. 783, 525 P.2d 687] [plaintiff could not rely on § 473 to excuse compliance with statutory period in which to file claim in probate action].)

█ The certificates of merit described in section 340.1, subdivision (h) are "an aspect of the complaint" (*Doyle, supra*, 47 Cal.App.4th at p. 1707) and plaintiff's action is time-barred because she failed to file the certificates of merit. Under the authorities set forth above, plaintiff cannot rely on section 473 to rescue her time-barred claim. Having reached this result, we need not consider plaintiff's alternate contention that the court erred by concluding her motion for relief was untimely.

## DISPOSITION

The order sustaining the demurrer without leave to amend is affirmed. The order denying plaintiff's section 473 motion and dismissing the complaint is also affirmed. Defendant is awarded his costs on appeal.

Simons, J., and Bruiniers, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 11, 2011, S191518.