Filed 3/27/14  Jaffer v. Klems CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| RASHIDA JAFFER,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>ROBERT V. KLEMS as Trustee, etc.,<br><br>     Defendant and Respondent. | G048285<br><br>(Super. Ct. No. A221174)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Mary Fingal Shulte, Judge.  Affirmed.

Rashida Jaffer in pro. per., for Plaintiff and Appellant.

Kendrick, Jackson & Kearl and C. Bennett Jackson, Jr., for Defendant and Respondent.

\*          \*          \*

Attorney Rashida Jaffer filed an amended petition for attorney fees seeking payment from a trust for legal work she performed on behalf of a trust beneficiary. The trial court sustained the defendant trustee's demurrer to the amended petition without leave to amend. Jaffer moved unsuccessfully for reconsideration of the ruling on the demurrer, and then filed the instant appeal from the order sustaining the demurrer without leave and from the order denying reconsideration. Construing the appeal to be taken from the subsequently entered final judgment on demurrer, we affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

In 1986, Ann I. Sargent (Ann)[2] established an inter vivos trust (the Trust), naming herself the sole trustee and beneficiary. The Trust stated Ann's daughter, Diane Sargent (Diane), would become income beneficiary upon Ann's death. In July 1996, Ann resigned as trustee and her longtime accountant, defendant Robert V. Klems, became successor trustee.

Ann lived with and financially supported Diane until the elderly Ann needed to move to a care facility. Diane then remained in Ann's home.

In September 2003, Ann's sister, Marjorie Cooke, filed a petition for conservatorship of Ann's person, seeking the appointment of JoAnn Young, a professional fiduciary as conservator. Diane retained Jaffer to oppose Cooke's petition and to file a competing petition seeking to have Diane appointed Ann's conservator. On April 30, 2004, the parties agreed at a mandatory settlement conference to Young's appointment as conservator for Ann.

---

[1] Appellant Jaffer filed a request for judicial notice as to certain documents from the superior court file she omitted from her designation of the record on appeal. We deem the request to be a motion to augment the record, and grant the motion.

[2] For the sake of clarity, family members Diane and Ann Sargent are identified throughout this opinion by their first names. No disrespect is intended.

At some point in the conservatorship proceedings, the trial court on its own motion appointed Kim Hubbard as attorney for Ann. On May 21, 2004, Hubbard filed a petition to modify the Trust. On August 25, 2004, the trial court granted Hubbard's petition, modifying paragraph three of the Trust to require the trustee to pay for Diane's "shelter" and "reasonable monthly utilities," either by using the Trust income that remained after paying Ann's monthly expenses, or by invading the Trust principal if the income did not suffice.

In November 2004, Klems filed an unlawful detainer action to remove Diane from Ann's home. Apparently Klems believed maximum value from the house, the Trust's largest asset, could be realized by selling the property and moving Diane into an apartment. Jaffer defended Diane in the unlawful detainer action and in March 2005 succeeded in having it consolidated with the conservatorship proceeding. Around this time frame, Jaffer also filed on Diane's behalf a "petition for substituted judgment" and a petition to appoint Diane conservator of Ann's person, though she eventually withdrew the latter petition.

On May 19, 2005, the trial court granted Diane's petition for substituted judgment and specifically modified the Trust "to provide for the ongoing support and maintenance of Diane Sargent during the lifetime of the conservatee . . . ." To that end, the trial court ordered trustee Klems to do the following: procure and rent a nearby apartment for Diane and pay her moving expenses, clean and fix Ann's home and rent it out, pay Diane $500 monthly "'for necessities'" and pay Diane's health and car insurance premiums as well as her utilities. The trial court ordered the trustee to continue making these expenditures for Diane's benefit for 23 months or until Ann's death, "whichever shall first occur," but also stipulated the payments "may not be terminated without prior court approval."

3

Ann died in July 2009.[3]  Upon Ann's death, Diane became income beneficiary of the Trust under paragraph five.

On August 28, 2012, more than seven years after she last represented Diane, Jaffer filed a petition for attorney fees in the conservatorship proceeding, seeking payment from the Trust for the legal work she did for Diane between September 2003 and May 2005.  Specifically, Jaffer sought a total of $31,000 for her services in regard to the "competing" conservatorship petitions, the unlawful detainer action, and the two "modifications" of the Trust, all of which work was concluded by May 2005.  The petition for attorney fees did not state the legal basis for Jaffer's demand that the Trust pay these fees.  Jaffer signed the attached verification of the petition, identifying herself as the petitioner.

Klems demurred to the petition for fees on three grounds.  Klems asserted Jaffer lacked legal capacity to petition the court for fees because she failed to allege "she was the attorney for the former conservator, the conservatee, trustee, or . . . the then current income beneficiary."   Klems also demurred on the ground Jaffer failed to allege the existence of a formal retainer agreement obligating Diane to pay Jaffer's legal fees.  Finally, Klems asserted the pleading is uncertain because it failed to state "why and how" Klems was obligated to pay Jaffer's fees for "services rendered to a third party."

The trial court sustained the demurrer with leave to amend within 15 days.  Jaffer timely filed an amended petition on November 15, 2012.  The only new facts added by the amended pleading were those relating to Diane's formal retention of Jaffer as her attorney in late 2003.

_____

[3]  The appellant's opening brief says Ann died on July 6, 2009, but the respondent's brief says she died July 24, 2009; neither brief provides a record reference for the date cited.

4

Klems demurred to the amended petition on two of the same grounds asserted against the original petition: Jaffer's lack of capacity to petition the court for fees, and uncertainty as to "why and how" Klems was obligated to pay Jaffer's fees.

Jaffer opposed the demurrer asserting that it was untimely. On the merits, Jaffer contended she had legal capacity to petition for fees because her client was "a beneficiary" of the Trust.

On January 31, 2013, the trial court sustained the demurrer without leave to amend. Jaffer moved unsuccessfully for reconsideration of the ruling on the demurrer, and then filed the instant appeal.

## DISCUSSION

*1. Appealablilty*

This appeal was taken from the trial court's January 31, 2013 order sustaining the demurrer without leave to amend and the order denying reconsideration of the ruling on demurrer. The appellate record initially contained no judgment of dismissal. On May 15, 2013 this court dismissed the appeal, because generally speaking, an order sustaining a demurrer "is neither appealable per se nor as a final judgment." (*Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 920.)

Thereafter, Jaffer filed a motion to vacate the dismissal and reinstate the appeal, together with a signed copy of a "final judgment on demurrer" file stamped by the trial court on June 3, 2013. On June 11, 2013 this court granted that motion and, as a result, the final judgment is now part of the appellate record. Under these circumstances, we exercise our discretion and construe the appeal to be taken from the final judgment.

*2. Standard of Review*

On appeal from a dismissal after demurrer, our sole task is to determine as a matter of law whether the complaint states a cause of action. *(People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) In reviewing the sufficiency of the complaint, we

5

treat the demurrer as admitting all properly pleaded material facts, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We also consider matters subject to judicial notice. (*Ibid.*) Standing is an issue of law subject to our independent review. (*Bilafer v. Bilafer* (2008) 161 Cal.App.4th 363, 368.)

"[W]hen [a demurrer] is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank, supra,* 39 Cal.3d at p. 318.) The burden of proving such reasonable possibility rests squarely on the appellant. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

*3. The Demurrer Was Not Untimely*

Jaffer contends the trial court erred in refusing to overrule the demurrer on the ground of untimeliness. Jaffer asserts she served the amended petition on Klems on November 8, 2012, and the statutory deadline for filing a demurrer to the new pleading was 30 days from service, or December 8, 2012. (Code Civ. Proc., § 430.40.) Jaffer contends Klems missed that deadline by six days when he filed his demurrer on December 14, 2012. The argument lacks merit.

The first problem with Jaffer's argument is it lacks support in the record. The clerk's transcript does not contain a file-stamped copy of the amended petition purportedly served on Klems on November 8, 2012. Instead, the record contains only a "corrected" version of the amended pleading that was served and filed on November 15, 2012. The December 14 demurrer to this "corrected" version of the amended pleading was timely.

Jaffer's argument fails for the additional reason that trial courts have discretion to consider untimely demurrers. (See *McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 281-282 ["'There is no absolute right to have a pleading stricken for lack of timeliness in filing where no question of jurisdiction is involved, and where,

6

as here, the late filing was a mere irregularity [citation]; the granting or denial of the motion is a matter which lies within the discretion of the court'"]; *Jackson v. Doe* (2011) 192 Cal.App.4th 742, 749-750.)  Consequently, even if Jaffer were correct in characterizing the demurrer as six days late, Jaffer fails to establish the trial court abused its discretion in considering the demurrer.

*4.  The Trial Court Properly Sustained the Demurrer Without Leave Because Jaffer Lacked Standing to File the Petition*

Though Jaffer's argument on the merits is a bit difficult to follow, it can be summed up essentially as this:  The amended petition alleged Klems violated his fiduciary duties as trustee (to follow the terms of the Trust, to account).  As beneficiary under the Trust, Diane had standing to sue Klems for these breaches of trust, and is entitled to her attorney fees in pursuing her rights under the Trust.  Because Diane is entitled to recover her attorney fees in litigating her rights under the Trust, Jaffer should be allowed to step into Diane's shoes and sue for her fees directly:  To deny Jaffer her fees would be a "manifest injustice."

The fundamental flaw in Jaffer's argument is the contention Diane had standing to sue the trustee for breach of fiduciary duties during the period Jaffer represented her (Sept. 2003 to May 2005) — a time when Ann, the trustor/settlor, was still alive.  As we explain below, the beneficiary of a revocable inter vivos trust has no legally enforceable rights against the trustee during the trustor's lifetime.

In *Estate of Giraldin* (2012) 55 Cal.4th 1058 (*Giraldin*), the California Supreme Court explained the rule as follows:  "A revocable trust is a trust that the person who creates it, generally called the settlor, can revoke during the person's lifetime.  The beneficiaries' interest in the trust is contingent only, and the settlor can eliminate that interest at any time.  When the trustee of a revocable trust is someone other than the settlor, that trustee owes a fiduciary duty to the settlor, not to the beneficiaries, as long as the settlor is alive.  During that time, the trustee needs to account to the settlor only and

7

not also to the beneficiaries. When the settlor dies, the trust becomes irrevocable, and the beneficiaries' interest in the trust vests." (*Giraldin*, at p. 1062, fn. omitted.) In other words, the beneficiaries gain standing to sue under the trust only upon the trustor's death.

Importantly, *Giraldin* recognized a narrow exception to the above rule. The high court held that after the settlor has died, beneficiaries can sue the trustee for a breach of fiduciary duty *owed to the settlor* "to the extent that breach harmed the beneficiaries." (*Giraldin*, *supra*, 55 Cal.4th at p. 1076.) The high court explained a breach during the settlor's life "can substantially harm the beneficiaries by reducing the trust's value against the settlor's wishes." (*Id*. at p. 1062.)

The exception recognized in *Giraldin* is inapplicable here, however, because Jaffer's petition does not allege any breach of duty owed to the *settlor* during her lifetime. Instead, Jaffer's petition alleges Klems breached duties purportedly owed to Diane during Ann's lifetime. Under *Giraldin*, Diane had no enforceable rights under the Trust until 2009 when Ann died and the Trust became irrevocable. Because Diane had no legal rights to assert against the trustee, there were no shoes for Jaffer to step into.

This result does not change because Ann was the subject of a conservatorship. (See *Johnson v. Kotyck* (1999) 76 Cal.App.4th 83, 85 [beneficiary of inter vivos trust was not entitled to receive trust accountings while trustor was under care and custody of court-appointed conservator, as trust remained revocable despite infirmity of trustor and ensuing conservatorship, and beneficiary had no right to accounting for a revocable trust].)

The trial court properly sustained Klems's demurrer to the amended petition because Jaffer lacked standing to assert the attorney fees claim. Moreover, the trial court acted within its discretion in denying further leave to amend because Jaffer made no showing as to how she could successfully plead her claim.

### 5. *Jaffer's Request for Sanctions Lacks Merit*

Jaffer also renews on appeal a request for sanctions against Klems she first made in her motion for reconsideration in the trial court. In that motion, Jaffer argued the trial court should sanction Klems under Code of Civil Procedure section 128.6 for "dishonesty" in denying Diane was a beneficiary "just to deprive Petitioner of her fees . . . ." Jaffer now goes further, contending Klems committed constructive fraud and actual fraud against the trial court by asserting in his demurrer that Diane had only "limited benefits" under the Trust during Ann's lifetime, and thus was not entitled to attorney fees. The request for sanctions has no merit.

As explained above, during Ann's lifetime, Diane had no legally enforceable rights under the Trust, because Ann could have revoked or changed the Trust at anytime. Klems's assertion that Diane had only "limited benefits" under the revocable trust was not "dishonest." It was and is a correct statement, and thus not sanctionable.

### DISPOSITION

The judgment is affirmed. Respondent is entitled to his costs on appeal.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

IKOLA, J.

9